Judge Ewihg
delivered the Opinion of the Court.
A scire facias was sued out against Anthony Starr, as the bail of James Starr, upon a recognizance, acknowledged by them, before two justices of the peace — each in the sum of three hundred dollars, but to be void upon the said James personally appearing in the Circuit Court, on the first day of the next term, “ and surrendering himself in custody, to answer to the Commonwealth for a felony with which the said James stands charged.”
The Circuit Court having overruled a demurrer to the scire facias, and also sustained demurrers to several pleas that were filed, and rendered judgment for the Commonwealth, the defendant has brought the case to this Court, for revision.
Several objections are made to the proceedings, some of which only, we deem necessary to notice.
First. It is objected that, it is not averred in the scire facias, that the recognizance was certified, or transmitted to the Circuit Court. Enough is shown to satisfy the *244 Court that it was transmitted. It is copied in the scire facias; is made the basis of the proceeding, and is averred to be of record in the Court, and upon its face purports to be certified by the justices, to the Circuit Court.
der the control of is mother, who A plea, to a sci. fa. against the surety of a cogni zor charged with felony, that he was an infant un removed him out of the State , whereby the sure ty was prevented from surrender ing him, is insuf ficient. She has no right to control him contrary to the right of the State & the bail.
Infancy or cover-ture of a principal cognizor , could not, at com mon law, be pleaded by the surety; and our statute expressly authorizes nizances to be taken of femes coverts and infants; and, in case of forfeiture, the sci. fa* lies against the feme s by joining hov husband, and against an infant, by joining his pau-nt or guardian.
Second. It is pleaded that the principal cognizor appeared before the Court, on the first day of the term, but was not called on his recognizance, until the fourth day. A bare appearance before the Court, on the first day, was not a compliance with the condition of the recognizance; nor would any tiling less avail to discharge it, according to its terms, than an appearance, and surrender of himself into custody, to answer the felony charged. And if he did not do so, he might be called on any subsequent day of the term, and his recognizance estreated.
Third. It is objected that he was an infant, under the control of his mother, who removed him out of the State, so that the defendant was prevented from surrendering him to the Court. This objection is wholly untenable. The grounds alleged can furnish no excuse for the breach charged. The mother could legally exercise no control against the claims of the Commonwealth, or the rights of the bail, into whose friendly custody the principal is deemed by the law to be placed. And though, at common law, if the accuséd were an infant or feme covert, the recognizance was taken from the sureties only, yet, taj[en from the infant, or feme, in conjunction with others, the infancy or coverture could not be pleaded by the sureties, as a bar to a proceeding against them. But now, by our statute, an infant or feme covert, who may be a defendant in a criminal case, may enter into a recognizance, and, if forfeited, a scire facias may be sued out, even against them, by joining with the feme her husband, and with the infant his parent or guardian, 1 Statute Law, 536. So that now there can be no pre-tence for exempting the bail from responsibility, if any could have existed before.
It is, therefore, the opinion of the Court that the judgment of the Circuit Court be affirmed, with costs.