## Alguire *vs* Commonwealth.

ERROR TO THE KENTON CIRCUIT.

*Pleading to Scire Facias on Recognizances.*

JUDGE MARSHALL delivered the opinion of the Court.

SCI. FA.

Case 96.

*April* 28.

To a *scire facias*, upon a recognizance entered into by Joseph and Michael Alguire, in August, 1840, for the appearance of said Joseph in the Kenton Circuit Court, on the first day of its next succeeding term, to answer to a charge of felony, the defendants, by their attorneys, pleaded, that on the day designated in the recognizance for the personal appearance of said Joseph in the Circuit Court of Kenton County, he was taken and held in custody by the Commonwealth, and was held and kept in prison by her in the city of Louisville, and State of Kentucky, upon a prosecution and charge of felony, and has been held and kept imprisoned by said Commonwealth ever since. A demurrer to this plea was sustained, and final judgment having been rendered against the defendants, the only question which we shall consider is, whether the plea is sufficient.

The defence presented by the plea must be regarded in one or the other of these two aspects: 1st. As showing that a compliance with the condition of the recognizance, by the personal appearance of the principal in the Kenton Circuit Court on the day appointed, had been prevented by the act of the plaintiff in arresting and imprisoning him at another place—Or 2d. As showing a virtual compliance with the condition, in the fact that the Commonwealth had the body of the principal on the day, and might dispose of him as she pleased, either by bringing him to trial in the city of Louisville, where she then held him imprisoned, or by removing him to the County of Kenton, where he had been first recognized to appear.

Considered under the first aspect, the plea seems to be defective, in not showing that the arrest and imprisonment of the principal at Louisville, was in fact, or even

*The pleadings to the sci. fa. and judgment of the Court.*

*Plea to a sci. fa. on a recognizance to appear in Kenton County, that on the day designated for appearance defendant was arrested for a felony in Louisville not good, as performance or excuse for non-performance.*

in probability, the cause of non-compliance with the con-
dition of the recognizance. It does not show, nor even
alledge, that but for that arrest, the principal cognizor
either would or could have appeared voluntarily, or been
surrendered by his bail, in the Kenton Circuit Court on
the day appointed. On the contrary, the inference aris-
ing from the fact, that the principal was in Louisville on
the day on which he should have been in the Court house
of Kenton County is, that even if he had not been ar-
rested on that day in Louisville, he would not have been
on the same day in the Kenton Circuit Court. So far
then from its being shown that the recognizance would
have been complied with, but for the arrest and imprison-
ment alledged, it rather appears that it would not have
been complied with, though there had been no such ar-
rest and imprisonment. The defendants then, having
done nothing towards performance, and not having been
in a condition to perform, when the arrest and imprison-
ment occurred, cannot fairly lay hold of that fact as ex-
cusing their non-performance, on the ground of prevention
by the plaintiff, and we are of opinion that the plea does
not make out such an excuse.

Nor does it, in our opinion, show a substantial per-
formance of the condition, or a virtual attainment of the
object intended to be attained, and which would have
been attained by a compliance with the recognizance.
The object of the recognizance was to insure to the Com-
monwealth the means and opportunity, so far as they de-
pend upon the personal appearance of the accused, of
trying the principal cognizor in the County of Kenton,
for an offence charged to have been committed by him in
that County. But as the Commonwealth, acting only
through numerous and distant agencies, cannot be sup-
posed to know at once all that may be done by them in
her name at different places, she could not avail herself
of the arrest and imprisonment of the principal in Louis-
ville or Jefferson County, for the purpose of trying him
in the County of Kenton, unless information of the ar-
rest were communicated to the Kenton Circuit Court,
whereby that Court might take steps for having the pris-
oner brought before it immediately, or after the prosecu-

tion in Jefferson should be disposed of; or unless information of the prosecution and recognizance pending in the Court of Kenton, were communicated either to the Jefferson Circuit Court or to some tribunal having jurisdiction of the second prosecution, or at least over the prisoner, so that he might have been transmitted to Kenton County at once, or after an acquittal should he be acquitted of the second charge. As the question is upon the breach of a recognizance for his appearance in the Kenton Circuit Court, which had in fact the first claim upon the body of the accused, it would seem that to make the subsequent imprisonment available, as a substantial compliance or a virtual attainment of the objects of the recognizance, it should have been communicated to that tribunal in such authentic and formal manner as to have authorized its proper action in the premises. And as the defendants were bound by recognizance, for the appearance of the prisoner in the Kenton Circuit Court, and were also bound to know of the subsequent imprisonment, and as no other persons were bound to know or communicate a knowledge of both proceedings, it would seem further to have been incumbent upon them and especially upon the bail, in order to make the second arrest and imprisonment operate as a discharge from responsibility on the recognizance, to have made such communication to the Court in which they were bound, as would have placed the prisoner, though in custody at Louisville, substantially and practically within the power of the Kenton Circuit Court; and it may have been the duty of the bail, and a necessary step for his exoneration, that he should have moved in that Court for such process as would have actually enabled him to surrender the body of his principal in that Court. Had he done so at any time during the term, though after the day appointed for the appearance of the principal, we suppose that the recognizance might at least have been respited, until the proper steps had been taken for rendering the arrest at Louisville available for the objects of the recognizance, and that the bail might have entitled himself to ultimate exoneration, either upon the production of the prisoner for trial in

Kenton, or upon its being made to appear that he was convicted in Jefferson and undergoing his sentence.

But it is not necessary to decide how far the defendants, or either of them, should have gone in taking the steps requisite for making the imprisonment in Louisville available for the purpose of this recognizance, for the plea does not show that they have taken any step, even by communicating the facts to any tribunal or officer of the Commonwealth, nor does it aver that they had been, by any means, made known to her agents; and we are satisfied that the naked fact that the principal was taken and imprisoned in Louisville on the day appointed for his appearance in the Kenton Circuit Court, and was held in prison until the filing of the plea, was neither a compliance nor a dispensation with the condition of the recognizance; and therefore, that the plea does not make out a defence on either of the grounds mentioned.

It may be said that by filing the plea, the defendants gave information of the facts, which may enable the Commonwealth to hold and dispose of the prisoner for the purpose of trial in the Kenton Circuit Court. But if the mere averment of facts in a plea were not such a regular and authentic communication of them as should authorize and require the action of the Court, in bringing up the body of the prisoner, or securing his ultimate appearance, which is not conceded, still the only legal question upon the plea is, whether the facts stated furnish a sufficient answer to the *scire facias*, by either showing a performance or excusing the non-performance of the condition of the recognizance, and that question, as we apprehend, is to be decided with reference to the sufficiency of the facts as stated, and not with reference to what might be done by the Court or the Commonwealth in consequence of the filing of the plea. Besides, if issue were taken on the plea, the only matter to be tried would be, whether the facts therein stated were true. And as it is obvious that those facts might be true, and yet that before the Commonwealth could avail herself of the information communicated to the Kenton Circuit Court by the filing of the plea, the prisoner might have been discharged from custody in Louisville, either by acquittal from the prose-

cution there, or by giving bail. It is apparent, not only that the facts stated in the plea should not derive any aid from the mere fact of filing the plea in which they are stated, but that to adjudge this plea good might open the door to frauds and trick, in setting on foot second prosecutions against prisoners under recognizance, by which the execution of the criminal law and the object of all recognizances might be defeated. If any thing has in fact occurred since the filing of this plea, or if any thing should hereafter occur which ought in justice to operate in exoneration of either of the parties to this recognizance, it will doubtless have its effect if made known in the proper place—it would seem inappropriate to give it effect by anticipation, upon the question of the sufficiency of this plea.

Wherefore, the judgment is affirmed.

*Lindsey* for plaintiffs: *Cates, Attorney General,* for Commonwealth.