CASE 10—INDICTMENT—JUNE 8.

| Duvall |  |
|---|---|
| 2du | 383 |
| 129 | 480 |

# Commonwealth vs. Terry.

### APPEAL FROM HENDERSON CIRCUIT COURT.

1. That the defendant was absent in the Federal army at the time he was bound by a recognizance to appear in court to answer an indictment, and was unable to procure a furlough to attend the court, is a valid defense against the recognizance.

2. But the defendant is not a competent witness, in such a case, to prove these facts, at the instance of his sureties, though his statement, under oath, may be heard upon a motion to remit the forfeiture; and a remission on such statement is not improper, the defendant having given a new recognizance to appear.

JNO. M. HARLAN, Attorney General, for Commonwealth.

S. B. VANCE and L. W. TRAFTON, for appellee, cited *Crim. Code, sec.* 94.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

To a *scire facias* on a forfeited recognizance for the appearance of *Willis Field* to answer an indictment against him, the appellees, proceeded against as his sureties, answered that, on the day fixed for his appearance, he, being a soldier in the Federal army, at a remote distance from the court, was refused a furlough, which he solicited, to enable him to attend in discharge of his recognizance, which he would have done had he not been thus prevented, without his fault and against his will. This, if true, was a sufficient defense—and was sustained by his own testimony, which was excepted to as incompetent. But he acknowledged a new recognizance in court, and, thereupon, the court, in the exercise of a sound discretion, delegated by the Criminal Code, remitted the forfeiture and dismissed the *scire facias*.

In that judgment we perceive no abuse of a sound judicial discretion. On the contrary, it appears to have been properly exercised in harmony with the legislative purpose of conferring it; for if, as a witness on the trial, he was incompetent, the facts which he verified might, nevertheless, be heard as an *ex parte* affidavit on his own motion for remission, and, in that aspect, were entitled to some consideration—and his new

recognizance secured the object of that which was forfeited, and the Commonwealth can suffer no detriment.

Wherefore, the judgment is affirmed.