JUDGE WILLIAMS
delivered the opinion op the oohrt:
Catlin being arrested and in the Marion prison under a charge of murder, was admitted to bail, and Withrow became his security.
The grand jury having found an indictment, he was called to respond to it, but came not; whereupon an order of forfeiture was entered by the circuit court, and a summons directed against his bail.
Withrow answered, that soon after his discharge from prison on said bail bond, that Catlin was arrested by officers of the State of Indiana, under a charge of violating her laws, and had ever since been kept in close confinement in said State under said charge; and therefore he could not appear to answer this indictment, and in discharge of said recognizance; and also filed an affidavit, stating that he could prove these facts by citizens of Indiana, and moved for a continuance; but the Commonwealth’s Attorney admitted the facts set out in the affidavit, whereupon the court overruled the motion. A jury was sworn, who, under the direction of the court, found a verdict against Withrow for the penalty of the bond, to reverse which this appeal is prosecuted. With-row having become bail for Catlin, had friendly custody of him; and his departure from the State, and so demeaning himself as to be arrested, under a charge for violating the laws of another State, was as much a voluntary nonappearance in discharge of his recognizance as if he had been under no restraint or imprisonment at the time.
Withrow’s obligation was, that Catlin should at all times render himself amenable to the orders of the court; *19 and he had the legal power to prevent Catlin’s departure from the State by a surrender of him; if he permitted Catlin voluntarily to depart from the State, and by reason thereof Catlin has been unable to appear in discharge of the recognisance, this was his own folly, for which the Commonwealth is in nowise responsible.
If the State of Indiana had demaded Catlin from the State of Kentucky as a fugitive from justice, his bail could still have surrendered him in custody of the laws of Kentucky, and thus exonerated himself from responsibility; and being thus in custody of the laws of Kentucky, under a charge of felony, had the authorities surrendered him, the Commonwealth would have had no cause of complaint.
The arrest of one charged with crime, and on bail by another State, is very different from the arrest and custody by this State under another charge. In the latter case the State would take the prisoner out of the friendly custody of his bail, and having custody herself, could put him on trial or produce him in discharge of the recognizance — at least would be the hindering cause of his not appearing. We think the answer presented no legal defense; consequently, the facts admitted presented no legal bar. These views do not conflict with any adjudicated case, and we think comport with the true legal obligation of the recognizance.
Wherefore, the judgment is affirmed.