JUDGE COFER
delivered the opinion of the court.
The general rule is, that when one party to a contract has prevented the other from performing his part he can not recover for a breach thus caused by his own action. Consistently with this general principle this court held, in Alguire v. Commonwealth (3 B. Mon. 349) and in Kirby v. Commonwealth (1 Bush, 114), that when one is bound as bail for another, for that other’s appearance in a particular court at a particular time, and the Commonwealth, before the time stipulated for the appearance, arrests the principal and detains him at another place, so that he can not appear at the time and place stipulated in the bail-bond, the bail will be exonerated. *680 Those decisions rest on the ground that the party complaining of the breach caused it, and therefore can not complain. But the defense relied on in this case was, that the principal was prevented from appearing by the government of the United States. It was not averred that the state of Kentucky caused the arrest of the principal or consented to it. This case does not therefore fall within the principle on which the cases supra were decided.
The case of Commonwealth v. Terry (2 Duv. 383) was also unlike the case at bar. In that case Field, the principal, was a. soldier in the United States army, and was detained by his officers so that he was unable to appear in discharge of his recognizance] but before judgment against the bail Field appeared in court and entered into a new recognizance, thereby placing himself again in the custody and subject to the orders of the court, and -brought himself within the provisions of section 94 (Myers’s), Code, and thus put it in the power of the court to remit the bail-bond, which was done.
But it does not appear in this case that the principal had ever surrendered himself or been arrested, and consequently it did not appear that a case existed which authorized the court to remit any part of the bail-bond.
The judgment must therefore be reversed, and cause remanded, with directions to sustain the demurrer of the Commonwealth, and for further proper proceedings.