LYMAN T. KINNEY v. BOARD OF SUPERVISORS OF KENT COUNTY.

*Re-arrest on application by bail—Sheriff's charges.*

Comp. L. § 7877 enabling the bail in criminal cases to take out a mitti-mus from a justice for the re-arrest of their principal, is for private purposes, and not public, and may be served by a private person; the sheriff's charges for executing such a precept are therefore not a public charge.

A bench warrant is sufficient for the re-arrest, on public grounds, of a person on bail.

Motion for order to show cause. Submitted and denied October 30.

*Godwin & Earle* for the motion.

PER CURIAM. One Gale, being convicted in the Superior Court of Grand Rapids of the offense of forgery, proceeded to remove the cause to this Court by writ of error. 50 Mich. 237. He was admitted to bail to await judgment here, but after some little time the bail became anxious to surrender him, and applied to a justice of the peace under Comp. L., § 7877 for a mittimus which was granted. It was directed to the relator who is sheriff of Kent county, and he execut-ed it by arresting Gale and committing him to jail. In the performance of this duty he incurred certain expense, and he presented a bill therefor and for mileage to the respond-ents who refused to allow the claim on the ground that it was not one properly chargeable against the county. The relator applies for a mandamus to require the board to audit the bill.

We are satisfied that the view taken by the supervisors is correct. The statute under which the mittimus was issued

and executed is intended merely to afford aid to sureties in making surrender of their principals. It is a regulation to subserve private purposes and protect private interests. It does not profess to be a provision to be exerted at the instance of the People, and it is not at all necessary to have the precept executed by a public officer. The service may be made by a private person. There was no occasion for the statute, for any public purpose. For that end a bench warrant would suffice.

We are satisfied that the county is not liable, and consequently deny the motion for an order.