THE PEOPLE v. LOUIS ROBB, WILLIAM T. ROBB, EDWARD BRANT, AND JOHN THOMAS.

*Bail—Jurisdiction of circuit court commissioner—Liability of sureties—Release—Surrender of principal.*

1. A circuit court commissioner has power, under How. Stat. § 9476, to admit a prisoner to bail in a less sum than that fixed by the examining magistrate.

2. The arrest of the principal in a recognizance entered into in a criminal case, on another charge, to which he pleads guilty, and his subsequent detention for a few moments, at the place where he is required to appear by the terms of the recognizance, while he is paying the fine imposed, will not discharge the sureties in the recognizance.

3. A request to a deputy-sheriff, by a surety in a recognizance in a criminal case, to take the principal into custody if he should interpose a plea of not guilty to the charge preferred against him, is not a sufficient surrender of the principal.

Error to Berrien.    (O'Hara, J.)    Argued November 2, 1893.    Decided January 9, 1894.

Debt. Defendants William T. Robb, Brant, and Thomas bring error. Affirmed. The facts are stated in the opinion.

*George W. Bridgman* and *M. L. Howell,* for appellants.

*N. A. Hamilton,* Prosecuting Attorney, for plaintiff.

MONTGOMERY, J. This· is an action on a recognizance of bail entered upon by defendants, conditioned for the appearance of Louis Robb at the March term, 1892, of the Berrien· circuit court, for trial on the charge of assault with intent to murder. Verdict for the plaintiff was rendered by direction of the court, and defendants appeal.

1. It appears that the recognizance was entered into before a circuit court commissioner, and recites that an examination had been had before a justice of the peace, and that it was made to appear that an offense had been committed, and that there was probable cause to believe the principal guilty thereof. It is contended that the recognizance does not appear to have been filed by the clerk of the court. A sufficient answer is that the point was not· called to the attention of the court below, and, furthermore, the recognizance appears to have been estreated, and produced on the trial. How. Stat. § 9485, reads as follows:

"No action brought upon any recognizance entered into in any criminal prosecution, either to appear and answer, or to testify in any court, shall be barred or defeated, nor shall judgment thereon be arrested, by reason of any neglect or omission to note or record the default of any principal or surety at the time when such default shall happen, nor by reason of any defect in the form of the recognizance, if it sufficiently appear from the tenor thereof at what court the party or witness was bound to appear, and that the court or a magistrate before whom it was taken was authorized by law to require and take such recognizance."

These facts sufficiently appeared in the present case.

It is also contended that the circuit court commissioner had no power to let to bail in a less sum than that fixed by the magistrate. But we do not so construe the statute. Section 9476 provides that—

"Any Justice of the Supreme Court, circuit court commissioner, or any judge of any (circuit) court for any county, on application of any prisoner committed for any bailable offense, and after due notice to the prosecuting attorney for the county, may inquire into the case and admit such prisoner to bail; and any person committed for not finding sureties to recognize for him may be admitted to bail by any of the said officers."

The language of the Court in *Daniels v. People,* 6 Mich. 381, is peculiarly appropriate here:

"This is not a case where a person is held to bail by the examining officer, and forced to enter into the recognizance or stand committed. Here the commissioner acts upon the application of the prisoner, who has already been committed by a magistrate. The statute declares that the commissioner, 'on application of any prisoner committed for any bailable offense, may inquire into the case and admit such prisoner to bail.'"

The report of the case does not show whether the bail fixed by the magistrate was the same as that required by the commissioner. But the power of the commissioner to inquire into the case is clearly implied. There certainly could be no occasion to inquire into the case, if the amount of bail fixed by the examining magistrate is binding upon the commissioner. The case of *Townsend v. People,* 14 Mich. 388, does not establish any different doctrine. In that case the respondent was under recognizance taken in open court, still in force, and it was held that *prima facie* there was no authority in the commissioner to take a new recognizance. But in any case where there is a general jurisdiction to let to bail, and a recognizance is accepted, if it is claimed that such a recognizance was extorted from the prisoner in violation of his right, that fact should be

set up in his defense.  *Champlain v. People,* 2 N. .Y. 82;
*People v. Millis,* 5 Barb. 511; *Carmody v. State,* 105 Ind.
546.   No such defense was set up in the present case, in
the pleadings.

2. It is claimed that the sureties were discharged by
reason of the arrest of the principal for another offense,
for which he was held to answer at the same term of court
at which he was bound to appear under the present recog-
nizance, and by reason of what occurred on his appearance
upon that charge.   The testimony on this point was that
the principal, Louis Robb, was arrested and held for trial
on the charge of keeping a house of ill fame.   He was
arraigned, and pleaded guilty.  The sheriff says:

" When Mr. Robb pleaded guilty to one case against him
here, I took charge of him.  I went to Robb, and said to
him, ' You will remain here, in the court room.'   I was
busy here in the court room, fixing the lights, or some-
thing of the kind; and he remained here in the court
room until I got ready to go to my supper.   Then I left
him with another officer.   *   *   *   I don't know whether
the judge said to me to take charge of him, or whether he
said to Robb that he was to remain in the custody of the
officer.  I considered it my duty, at any rate."

This occurred before supper.  After supper the court
sentenced Robb to pay a fine of $25.  He received the
sentence, and went from the court room in charge of Mr.
Lister, a deputy-sheriff, to the office of the clerk, and
paid his fine.  It was not to exceed five minutes from the
time the judge passed sentence upon him until the fine
was paid.  Robb was then released from custody.

No doubt the arrest and continued detention of the
principal by the State on another charge, when such deten-
tion makes it impossible for the surety to produce the
principal, must operate to discharge the surety from liabil-
ity.  *State v. Spear,* 54 Vt. 503; *People v. Bartlett,* 3 Hill,
570.   But the mere temporary detention requiring the giv-

ing of a bond on another charge will not. *West v. Colquitt,*
71 Ga. 559; 2 Amer. & Eng. Enc. Law, p. 26, and cases
cited.   Much less, it seems to us, would the detention of
the accused at the same place required in the recognizance,
for a few moments, work a discharge.   It was not his deten-
tion there that worked a forfeiture of the bond.   On the
contrary, it is his departure that is complained of by the
State.

3. Would the testimony offered by the defendants, and
excluded by the court, have shown a surrender?   Levi
Lister was acting as deputy-sheriff at the time the bail was
estreated, and at the time Robb was in court, and sen-
tenced for the offense of keeping a house of ill fame.   The
defendants offered to show that one of the sureties on the
bond requested Louis Hosbein, another deputy-sheriff, to
take Robb into custody whenever he interposed a plea of
not guilty to the charge for which he is recognized in this
case, and that this request was communicated to Mr. Lister.
The court excluded this testimony.   We are cited to no
case, nor have we been able to find one, in which it has
been held that this is a sufficient surrender.   There are
cases, it is true, in which it is held that a surrender to
the sheriff, accompanied by a certified copy of the recog-
nizance, may be made, but these cases usually depended
upon statute.   Our statute has made ample provision by
section 9488, How. Stat., which provides for the issue of
a mittimus, and the delivery of the process, with the body
of the principal, to the sheriff.   But until there is such
delivery, accompanied by process, or the order of some
court authorizing the detention of the principal, the sheriff
could not justify a detention upon the mere oral direction
of the surety, except as the agent of the surety.   *Kinney
v. Board of Supervisors,* 51 Mich. 620.   As is said in *State
v. Le Cerf,* 1 Bailey (S. C.), 410, the surrender of the

principal must be to some officer, who may commit the principal to jail, or admit him to bail. The deputy-sheriff cannot require witnesses to attend, or the proceedings to be brought before him. He would have no authority, *ex officio*, to detain the principal, and no specific warrant in his hands to justify the detention.

There was no error in the proceedings below, and the judgment will be affirmed, with costs.

The other Justices concurred.