THE STATE OF IOWA, Appellee, v. JOSEPH ROW *et al.*, Appellants.

Bail: FORFEITURE: DEFAULT AGAINST SURETIES. Where, previous to the call of a defendant in a criminal cause for commitment to the penitentiary, following the determination of an appeal, he had been taken by the sheriff in another state, under a requisition, and surrendered at the penitentiary, and was thereby prevented from appearing in court, and his sureties from producing him, *held*, that it was error to declare a forfeiture of the defendant's supersedeas bond, and that a judgment thereon against the sureties should be set aside.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, JANUARY 16, 1894.

IN FEBRUARY, 1888, the defendant, Joseph Row, was convicted in the district court of Boone county of the crime of manslaughter, and sentenced to five years' imprisonment in the penitentiary. From the judgment he appealed to this court, and filed his bond to supersede the judgment, and the other defendants in the case are the sureties on the bond. The cause was affirmed in this court on the fifteenth day of October, 1890, and a *procedendo* was on that day issued to the district court of Boone county, directing it to proceed in the same manner as if no appeal had been prosecuted in this court. The sheriff of Boone county, aided by a requisition from the governor of Iowa to the governor of Missouri, proceeded to that state, where the defendant Row was found; and he was taken by said sheriff, and delivered, on the twenty-fourth day of October, 1890, to the warden of the penitentiary at Ft. Madison, Iowa, in execution of the judgment of imprisonment against him. On the third day of November, 1890, at a term of the district court of Boone county, it appears

that Joseph Row was called, and failed to appear, and thereupon the appearance bond was produced, and the sureties thereon were called, and failing to appear and to produce the said Joseph Row, the bond was declared forfeited. On the fifth day of November, 1890, the sureties on the bond appeared and filed a motion to set aside the default entered against them on the ground that, when it was entered, the said Row was in the penitentiary of the state in execution of the judgment. The district court overruled the motion, and the defendants appealed.—*Reversed.*

*C. C. Cole,* for appellants.

*J. R. Whitaker,* County Attorney, and *John Y. Stone,* Attorney General, for the State.

GRANGER, C. J.—The following is the record of the district court, declaring the forfeiture:

"*State of Iowa v. Joseph Row.* Be it remembered that on this third day of November, 1890, the above cause coming on for hearing on the motion of plaintiff for forfeiture of the appearance bond of the defendant Joseph Row, and, it appearing to the court that the judgment against the defendant Joseph Row has been affirmed by the supreme court of Iowa, and that the defendant Joseph Row was required by this court, that the sentence and judgment of said court might be executed and performed, and the said Joseph Row was called and failed to appear, and no person for him, and his appearance bond was produced, and said Joseph Row and the sureties on his bond, to wit, C. H. Ward, J. R. Hurlburt, A. H. Miles, and M. W. Ward, were called in open court, and failing to appear and to produce the said Joseph Row, the said appearance and undertaking to appear is hereby ordered, adjudged, and declared to be forfeited and in default." The undertaking of the bond is that "in case the said J. A.

Row shall well and truly pay the said fine, or such part of it as the supreme court may direct, and if the said J. A. Row shall surrender himself in execution of the judgment and direction of the supreme court, and in all respects abide the orders and judgments of the supreme court, then this bond to be void; otherwise, to be and remain in full force and effect." The default shown in the record is not a failure to make payment, but it is for want of the personal appearance of Joseph Row, "that the judgment of the court might be executed and performed."

The default as to the sureties is for not producing him. The situation, then, is this: The default was taken November 3, 1890. Nine days before that, the sheriff of Boone county had surrendered him at the penitentiary, and he was, at the time the default was taken, doing precisely the thing for which the district court desired his presence. He was called that he might be committed to the penitentiary. The court, through its processes, had already so committed him. It is not to be said, as a legal conclusion, that, had he not been imprisoned at the instance of the state, he would neither have appeared, nor his sureties produced him, when his appearance was called for. The state, by placing him in the penitentiary, had rendered it absolutely impospossible for him to appear, or for the sureties on his bond to produce him. Under such circumstances there could be no default. It appears, from an affidavit to the motion to set aside the default, that one of the sureties had sent an agent to Missouri to secure and return Row to the state, to avoid default on his bond, and Row was in the custody of such agent when the sheriff from Boone county arrived, and took him into custody, and afterwards delivered him at the penitentiary. It further appears that the sheriff was appointed as agent, under a requisition from the governor, at the request of one of the sureties on the bond.

It is said that the judgment was an imprisonment for five years, and payment of the costs of prosecution, and that the costs have not been paid. But the default is not for such a failure. The record makes no disclosures as to a default in the payment of costs. In our judgment the motion to set aside the default should have been sustained, and the order of the court overruling it is REVERSED.