CASE 50.—ACTION BY JAMES HARGIS AND OTHERS AGAINST W. G. BEGLEY, CLERK OF COURT, AND OTHERS TO ENJOIN THE COLLECTION OF A FORFEITED BAIL BOND.—September 29.

# Hargis, &c., v. Begley, Clerk, &c.

Appeal from Leslie Circuit Court.

H. C. FAULKNER, Circuit Judge.

Judgment for defendants, plaintiffs appeal — Reversed.

1. Bail—Forfeiture—Relief.—It is a defense to recovery on a bail bond that the person under bond was prevented from attending court by reason of being accidentally shot, though he was at the time out of the State on a visit.

2. Judgment—Vacation After Term—"Casualty."—That one was accidentally shot, preventing his appearing at court, is ground for setting aside judgment on his forfeited bail, within Civil Code Prac., section 518, empowering the court rendering a judgment to vacate it, after the term, "for unavoidable casualty or misfortune, preventing the party from appearing or defending;" "'casualty" being that which happens without design or without being forseen.

CLEON K. CALVERT and J. J. C. BACH for appellants.

IRA FIELDS and JAMES H. JEFFRIES for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Prior to October, 1906, one Doug Hays was indicted in the Leslie circuit court, charged with a felony, and his bail fixed at $500. Appellants, James Hargis, Ed Callahan, and S. B. Stidham, executed the usual bond for the appearance of Doug Hays at the October term

of the Leslie circuit court to answer the charge.  He
failed to attend, and there was an order made forfeit-
ing his bail bond, and another bench warrant issued,
and his bail fixed at $1,000, and summons was awarded
against his sureties, appellants.  At the February
term, 1907, of the court, appellants failed to answer,
and a judgment was rendered against them for the
amount of the bond.  This action was instituted by
appellants to enjoin the collection of this judgment.

As reasons why appellants should not be compelled
to pay this judgment they presented the following:
That they and Doug Hays resided in Breathitt county,
about 45 miles from Hyden, in Leslie county; the place
where the judgment was rendered; that shortly after
the bail bond was executed Doug Hays went to the
state of Minnesota on a visit to his brother, who re-
sided there; that while there Doug Hays and his
brother went on a hunting trip, and Doug Hays acci-
dentally shot and wounded himself, and it was im-
possible for him to appear at the Leslie circuit court
in October in fulfillment of the bond; that after he
became able to travel he returned to Breathitt county
and executed another bail bond for the $1,000.  It is
made to appear that they failed to attend the Leslie
circuit court, which began on the first Monday in Feb-
ruary, 1907, for the reason that they did not know that
there was a February term of that court; that they
believed that the term began on the third Monday in
March, 1907; that they relied upon the "Bradley &
Gilbert Company" court calendar for the year 1907,
which fixed the term for the Leslie circuit court on
the third Mondays in March, June, and November;
that they did not know of the change fixing the terms
of the Leslie circuit court to begin in February, May,
and October.  They filed with their pleadings the court

calendar of Bradley & Gilbert Company for the year 1907, and it substantiates their claim. The lower court concluded that, notwithstanding these alleged facts, which were not disputed, appellants had no cause of action.

Appellee's counsel contends that appellants, the sureties of Doug Hays, acted at their peril when they permitted him to leave the State to visit his brother, and it was no defense to the action to recover the amount of the bond that Hays was accidentally shot and thereby prevented from appearing at the October term of the Leslie circuit court, and refers to the cases of Starr v. Commonwealth, 7 Dana, 243, Alguire v. Commonwealth, 3 B. Mon. 349, and Withrow v. Commonwealth, 1 Bush, 17, and other cases of similar import, as sustaining their position. These cases are unlike the case at bar. The case in 7 Dana, 243, was one where an infant was defendant in the indictment, and he failed to appear to answer it, and the sureties on the bail bond defended upon the ground that the infant's mother had taken him out of the State and kept him away until after the bond was forfeited. The court adjudged that this defense was insufficient. The case in 3 B. Mon. 349, was where the defendant had not appeared because he was imprisoned by the State authorities in the city of Louisville, Ky. This fact was pleaded as a defense to the forfeiture of the bail bond, and was held insufficient, because it was defectively pleaded. The case in 1 Bush, 17, was one where one Catlin, who was charged with murder in Marion county, Ky., was arrested and gave bond, and then went to the State of Indiana, where he was arrested and imprisoned for the violation of the law in that state. While thus imprisoned in the state of Indiana, his bail bond was forfeited for his nonappear-

ance in the Marion circuit court, and the court held
that his enforced absence in the state of Indiana at
the time the forfeiture proceeding was had was not
a defense to the forfeiture.   In the last two cases
referred to the defendant was prevented from attend-
ing court in compliance with the bail bond on account
of wrongful acts committed by them.   They were im-
prisoned for committing other crimes.   When the
sureties executed bond in the first case referred to they
knew that the infant was in the charge of his mother,
and when they permitted her to take him from the
State they took the risk of her permitting him to re-
turn, or of his returning of his own will in spite of
her objections.   If it had been made to appear in those
cases that the defendants had been prevented from
appearing in answer to their recognizance, not on
account of any wrongful act or dereliction on their
part, but on account of unavoidable accident or sick-
ness, over which they had no control, the results
would have been different.   See Commonwealth v.
Terry, 2 Duv. 383; Bonner v. Commonwealth, 85 S.
W. 1196, 27 Ky. Law Rep. 652.

The second proposition presented by appellee's
counsel is that the judgment was rendered in Febru-
ary, 1907, and this action was not instituted to set
aside the judgment until the 31st day of May of that
year, and that one court had passed between the date
of the judgment and the institution of this action, and
the court was without power to vacate or modify it,
except upon the grounds set out in section 518 of
the Civil Code of Practice, which it is claimed are not
presented in this proceeding.   This contention of ap-
pellee's counsel is correct, except the last proposition,
to the effect that appellants present no grounds for
vacating or modifying the judgment under section 518,

Civ. Code Prac. The seventh subdivision of that section is as follows: "For unavoidable casualty or misfortune, preventing the party from appearing or defending." Casualty is that which happens without design or without being foreseen. If Hays was "accidentally shot," it was without design on his part; and if he was prevented from appearing at the Leslie circuit court by reason thereof it would be the same as if he had become seriously ill and was thereby prevented from attending court. If Hays had been at his home in Breathitt county, and had been sick, and thereby prevented from attending the Leslie circuit court, it would not be contended that his sureties could not have successfully defended for his not appearing; and there is no reason why that defense would not avail them if his sickness had occurred to him while on a visit to his brother. It is true appellants in their pleading did not use the words "that Hays was prevented from attending the Leslie circuit court by reason of an unavoidable casualty or misfortune;" but the fact stated by them, if true, show these facts.

We are of the opinion that the lower court erred in sustaining a demurrer to appellants' pleadings. The judgment is reversed and remanded for trial; and if appellants' contentions are found to be true the court will set aside the judgment and render judgment according to the justice of the case, as provided in section 98, Cr. Code Prac., which is as follows: "If, before judgment is entered against the bail the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."