## STATE v. HERBER.

No. 8336—Opinion Filed June 11, 1918.

(173 Pac. 651.)

### Criminal Law — Liability of Surety — De-fense.

In an action upon a criminal appeal bond, it is a sufficient defense for the bondsmen to show that the principal in the case had been, subsequent to the execution of the bond, arrested and held in custody of the law to answer a criminal charge and con-victed of said criminal charge and con-fined, under judgment and sentence, in the state penitentiary, thereby preventing the principal from appearing and said bonds-men from producing said principal in court to abide and submit to the judgment of the court in the cause wherein said appeal bond was given.

(Syllabus by Pryor, C.)

Error from District Court, Logan Coun-ty; A. H. Huston, Judge.

Action by the State of Oklahoma against J. S. Herber, as surety on appeal bond given by one Lou Green in an appeal from a conviction in a criminal action. Judg-ment for defendant upon a directed verdict, and the plaintiff brings error. Affirmed.

Arthur R. Swank, for the State.

James Hepburn, for defendant in error.

Opinion by PRYOR, C. This is an action commenced on the 16th day of June, 1914, in the district court of Logan county, Okla., by the plaintiff in error against the defend-ant in error, as surety for recovery on an appeal bond given by Lou Green in an ap-peal from a judgment of conviction in a criminal action in the superior court of Lo-gan county to the Criminal Court of Ap-peals of this state. The parties will be re-ferred to as they appeared in the trial court and as they appear here. The pe-tition alleges in effect that on the 26th day of January, 1912, Lou Green was convicted of the crime of having the unlawful pos-session of intoxicating liquors, and was sentenced by said court to serve a term

of three months in the federal jail, and to pay a fine of $300, cost of prosecution; that an appeal was taken from said judgment of conviction to the Criminal Court of Appeals of the state of Oklahoma; that to stay execution on said judgment, the said Lou Green executed the appeal bond sued upon with the defendants, J. S. Herber and Dan D. Diche, as sureties: that on the 5th day of February, 1914, the Criminal Court of Appeals rendered judgment affirming the judgment of the lower court, and transmitted the mandate to the county court of Logan county; that on the same day said court issued commitment to the sheriff of Logan county, directing said sheriff to execute said judgment and sentence of the court against the said Lou Green; that the sheriff made a return of said commitment to the county court of Logan county, showing his inability to serve said commitment. The answer of the defendant consists of a general denial, and as a further defense that he had surrendered himself to the sheriff of Logan county, prior to the transmission of said mandate from the Criminal Court of Appeals to the county court of Logan county, and prior to the issuance of the commitment referred to in plaintiff's petition, and that he had been in the possession and custody of the sheriff continuously ever since said date, and, further, that there was never any valid judgment of forfeiture entered on said bond by the county court of Logan county. On the 3d day of November, 1915, the cause was tried to a jury, and at the conclusion of the evidence of both sides the court instructed the jury to return a verdict in favor of the defendant, for the reason that the uncontradicted evidence showed: First, that the principal of said bond, Lou Green, was in the custody of the plaintiff at the time he was called in open court, and his bondsmen were called to produce him in court: second, that judgment of forfeiture on which this suit is based was entered when the court was not in session. From the judgment of the directed verdict, the plaintiff appeals.

The question involved here for consideration is whether or not the surety on an appeal bond is exonerated from producing the accused for the purpose of submitting to the judgment of the court, after the cause has been affirmed, where it appears that the accused has been prevented from appearing by reason of his being arrested in the same jurisdiction for another offense and convicted thereon and sentenced to a term in the penitentiary, and was in custody of the law at the time forfeiture was entered upon the appeal bond. The evidence is uncontradicted that the principal, Lou Green, in the bond sued upon was arrested on the 7th day of September, 1913, by the sheriff of Longan county, charged with the crime of murder: that he was kept continuously from that date in the custody of the sheriff in the county jail of Kay and Logan counties until the 24th day of December, 1913, when the said Lou Green, principal, was convicted upon said charge of murder and sentenced to a 40-year term in the state penitentiary at McAlester. Where one is charged with crime and gives and executes bond for his appearance and surety, or has been convicted of crime and executes an appeal bond with surety, conditioned upon his appearance in court and submitting to the judgment of the court, if affirmed, and afterwards is arrested and kept in custody on another crime in the same jurisdiction and by the same authorities, and thereby prevented from appearing according to the condition of his bond and submitting to the judgment of the court, and his sureties are thereby rendered unable to produce the principal in court to submit to said judgment, they are thereby exonerated as such sureties. N. Dak. v. Funk, 20 N. D. 145, 127 N. W. 722, 30 L. R. A. (N. S.) 211; Woods v. State, 51 Tex. Cr. 595, 103 S. W. 895; People v. Robb, 98 Mich. 395, 57 N. W. 257. In N. Dak. v. Funk, supra, the court held:

"It is a good defense to an action against the sureties on a bail bond that the state, intermediate the date of such bond and the time when, by the terms thereof, the principal was obligated to appear in court, caused the arrest of such principal on a criminal charge in another county, and kept him confined in the county jail thereof until after the date designated in the bond for his appearance. By such arrest and detention of the principal, performance of the conditions of the bail bond was rendered impossible by the state, the obligee in the bond, and therefore the default of the principal in failing to appear is excusable."

And that the holding of this court was not based upon a peculiar statute is shown by the following language of the opinion, which is both sound in reasoning and in the principles that it announces:

"We have reached the conclusion that the judgment of the lower court must be reversed. We do not rest our decision, however, solely upon what we have above stated relative to the construction of section 10270. We are convinced that the weight of authority, both on principle and reasoning, supports appellant's contention that when one is bound as bail for another for his appearance in a particular court, at a particular time, and the state, before the time stipulated for the appearance, arrests the principal and detains him at another place,

thus preventing him from appearing at the time and place stipulated, the bail will be exonerated during such detention. There are many authorities which might be cited in support of this rule. We cite the following: People v. Bartlett, 3 Hill (N. Y.) 570; Commonwealth v. House, 13 Bush (Ky.) 679; Woods v. State, 51 Tex. Crim. Rep. 595, 103 S. W. 895; State v. Row, 89 Iowa, 581, 57 N. W. 306; People v. Robb, 98 Mich. 397, 57 N. W. 257; Buffington v. Smith, 58 Ga. 341; 3 Am. & Eng. Enc. Law (2d Ed.) p. 719. In State v. Row, the Iowa court, among other things, said: 'It is not to be said, as a legal conclusion, that, had he not been imprisoned at the instance of the state, he would neither have appeared, nor his sureties produced him, when his appearance was called for. The state, by placing him in the penitentiary, had rendered it absolutely impossible for him to appear, or for the sureties on his bond to produce him. Under such circumstances there could be no default.' In Woods v. State, supra, the Texas court tersely said: 'It may be that the appellant was properly indicted in the county of Hamilton, and in one sense this may have been a fault on his part; still, in our view, it would constitute, no matter whether he was rightly or wrongly indicted in the other county, a sufficient cause for his exoneration, inasmuch as the very government which held him amendable to the charge in Bosque county had taken jurisdiction of him in Hamilton county.' "

There is some conflict in the decisions as to whether or not an arrest or detention in the federal or a foreign jurisdiction will exonerate the bondsmen, but the law seems to be very generally settled that the detention in the same jurisdiction which prevents the accused ffrom appearing in accordance with the conditions of the bond will exonerate his surety, and is a sufficient legal excuse for not producing him in court, as the bond provides.

In this case the defendant was in custody charged with the crime of murder. It was not within his power to appear at the appointed time, nor was it within the power of his bondsmen to produce him in court for the purpose of submitting to the judgment of the court, but it was within the power of the state to produce the principal, Lou Green, into open court for whatever purposes necessary to put the judgment of conviction into force and effect. Clearly the trial court properly applied the law in instructing the jury that under the circumstances they should find for the defendant.

It is the contention of the plaintiff that the bond was forfeited on account of the failure of the principal, Lou Green, to pay the fine and cost of the prosecution. The appeal bond in criminal cases of this character is only conditioned that the accused shall appear and submit to whatever judgment might be rendered and affirmed against him. It is not the intent and purpose of such bonds to secure the payment of the fine and the costs. The bonds only serve a purpose of staying execution of the judgment and sentence until a hearing can be had on an appeal, and to guarantee the defendant's appearance at the appointed time, and submitting to the judgment of the court rendered. Therefore there was no forfeiture of the bond by failure of the defendant, Green, to pay said costs and fine.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.