### HARRELL v. STATE ex rel. HODGE.

No. 16452—Opinion Filed April 6, 1926.

1. **Bail—Appearance Bond—Arrest and Detention of Accused in Another County as Exonerating Surety.**

If one who gives an appearance bond in a criminal charge, be arrested, charged with a crime in another county, and be detained by the state and thereby prevented from making an appearance at the trial of the first criminal charge, such detention will exonerate the surety on the first appearance bond.

2. **Same—Forfeiture of Bond not Sustained.**

Record examined; held, to be insufficient to support judgment in favor of the state

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Carter County; A. J. Hardy, Judge.

Action by the state of Oklahoma on an appearance bond given in a criminal action by T. B. Orum, for which J. B. Harrell became surety. Judgment for the state, and J. B. Harrell brings error. Reversed.

Sigler & Jackson, for plaintiff in error.

F. M. Dudley and John L. Hodge, for defendant in error.

Opinion by STEPHENSON, C. T. B. Orum was informed against, out of the county court of Carter county, for a violation of the prohibitory laws. The defendant made an appearance bond, for which J. B. Harrell became surety. The defendant failed to appear at the trial of the cause in the county court, according to the conditions of his bond. Action was filed by the state on the bond against J. B. Harrell, as one of the sureties. The trial of the cause resulted in judgment for the state. The defendant has appealed the cause and assigns several errors for reversal here. One of the errors assigned is that the state had detained T. B. Orum in Bryan county on a charge of automobile theft, and was holding the defendant in jail in Bryan county on the date he was required to appear, according to the terms of his bond in Carter county. The defendant was later sent to the penitentiary. The plaintiff in error submits that this constituted a good defense against the right of the state to recover on the appearance bond given in the criminal case pending in Carter county.

Proof of the allegations in this respect constituted a good defense. The county attorney does not question the validity of the defense. He contends that the evidence is not of sufficient probative force to support the defense. It is true that the judgment of conviction in Bryan county and proof of the commitment to the state penitentiary would be the best evidence. However, proof may be made in other ways, if the witness testifying to the facts be qualified. The uncontradicted evidence of the defendant, in support of the allegations of his answer, constituted a good defense against the right of the state to recover on the bond. State v. Herber, 70 Okla. 153, 173 Pac. 651.

It will serve no useful purpose to consider the other errors assigned for reversal.

The judgment is reversed and remanded for further proceedings, in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 1027 § 281. (2) 6 C. J. p. 1072 § 366.