## HUTCHISON v. STATE et al.

No. 18171.   Opinion Filed Sept. 4, 1928.

(Syllabus.)

**Criminal Law—Sureties on Appeal Bond not Liable for Fine and Costs Where Appellant Submits Himself to Judgment Rendered and Affirmed.**

Where a defendant is found guilty of violating the penal statutes of the state and is sentenced to a term in the penitentiary and to pay a fine and appeals his case to the Criminal Court of Appeals, where the case is affirmed, the sureties on his appeal bond are not liable for the fine and costs where there is no forfeiture and where the defendant, in due time, surrenders himself to the sheriff of the court where he was convicted.

Appeal from District Court, Payne County; Charles C. Smith, Judge.

Action by the State against John Henry Pitts, John H. Hutchison, and Charles Verse. Judgment for plaintiff, and defendant John H. Hutchison appeals.   Reversed.

Walter Mathews, for plaintiff in error.

C. C. Suman, for defendants in error.

PHELPS, J.   John Henry Pitts was convicted in the district court of Payne county of the crime of selling narcotics and his punishment was fixed at imprisonment in the state penitentiary for a period of one year and a fine of $500.  He appealed to the Criminal Court of Appeals and gave a supersedeas bond signed by plaintiff in error, John H. Hutchison.

The cause was affirmed by the Criminal Court of Appeals.  There was no forfeiture of the bond, and after the mandate from the Criminal Court of Appeals went down, Pitts surrendered himself to the sheriff and the state of Oklahoma filed suit on the bond in the district court of Payne county, praying judgment for $625.20, being the amount of the fine and the costs.  Judgment was for the plaintiff, and Mr. Hutchison appeals, the sole question presented by the appeal being whether the surety on an appeal bond in a criminal case is liable for the payment of the fine and costs where the judgment of the trial court is affirmed by the Criminal Court of Appeals.

In State v. Herber, 70 Okla. 153, 173 Pac. 651, in the body of the opinion, this court said:

"It is the contention of the plaintiff that the bond was forfeited on account of the failure of the principal, Lou Green, to pay the fine and cost of the prosecution.  The appeal bond in criminal cases of this char-acter is only conditioned that the accused shall appear and submit to whatever judgment might be rendered and affirmed against him.  It is not the intent and purpose of such bonds to secure the payment of the fine and the costs.  The bonds only serve a purpose of staying execution of the judgment and sentence until a hearing can be had on an appeal, and to guarantee the defendant's appearance at the appointed time, and submitting to the judgment of the court rendered.  Therefore there was no forfeiture of the bond by failure of the defendant, Green, to pay said costs and fine."

This is the only authority from this jurisdiction cited by counsel for either side touching directly upon the question presented by this appeal and, in our judgment, announces a rule that is sound in both law and logic.  It is not the purpose of the laws of the state of Oklahoma to prevent a defendant who may be convicted of violating the penal statutes of the state from prosecuting his appeal. This he would be, in a measure, precluded from doing if the sureties on his bond must obligate themselves to pay the fine and costs in case the conviction is affirmed by the appellate court, as a property owner would hesitate to so obligate himself.

The judgment of the district court is, therefore, upon the authority of the above entitled cause, reversed.

MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 17 C. J. p. 375, §3771.