## SCRIVNER v. STATE.

No. 23844.   June 25, 1935.

Rehearing Denied Sept. 10, 1935.

Jack W. Page, for plaintiff in error.

Ted R. Fisher, Co. Atty., for defendant in error.

PER CURIAM. This action was brought in the district court of Blaine county by the state of Oklahoma, on relation of the county attorney of such county, against Paul Brewer, Crockett Scrivner, and E. M. Mewborn, and Mrs. R. Roquemore, for the sum of $1,000. The parties will be designated as they were in the trial court. The plaintiff's petition alleges that Paul Brewer was charged by information filed in the county court of Blaine county with the crime of larceny of an automobile. He was bound over to appear before the district court of such county to answer such charge. Upon arraignment in the district court he pleaded not guilty, and the court fixed his appearance bond at $1,000. On the 9th day of June, 1930, Brewer, as principal, and Scriv-

ner and Mewborn, as sureties, executed an appearance bond in the sum of $1,000 pursuant to the order of the court conditioned that such Brewer should appear in the district court at a stated time to answer the charge filed against him, and upon the filing and approval of such bond Brewer was released from the custody of the sheriff. When the case against him was called by the court on the 29th day of April, 1931, he failed to appear and his bond was forfeited. This action is brought for the collection of the amount specified in such bond. To this petition the defendant Scrivner filed his answer, and later his amended answer, admitting all of the statements in the plaintiff's petition, but seeks to avoid liability, because, so he states in his amended answer, Paul Brewer, at the time he was bound to appear in the district court of Blaine county under the said appearance bond to answer the charge there filed against him, was held in the custody of the sheriff in the county jail of Oklahoma county, Okla., charged with the crime of. robbery with firearms, in the district court of such Oklahoma county, and that it was impossible for him to appear in the district court of Blaine county in compliance with the conditions of his appearance bond, and that it was impossible for his sureties to have him there to answer the charge against him. To this amended answer the plaintiff filed its motion for judgment on the pleadings, and as grounds therefor stated that the amended answer did not state facts sufficient to constitute a legal defense to the petition. This motion was by the court sustained, and the plaintiff was given judgment in the sum prayed for against the defendants. From this judgment the defendant Crockett Scrivner appealed. The other defendants did not file answers, nor otherwise appear in the trial court.

The defendant pleads that his principal on the bond was in the custody of the plaintiff under another criminal charge, and that he could not appear, and the defendant could not have his body in the district court of Blaine county to answer according to the requirements of the bond sued on. The question as to whether such a statement of facts constitutes a defense to the plaintiff's petition is the only issue in the case. The identical question has been twice decided by this court adversely to the position of the state. In State v. Herber, 70 Okla. 153, 173 P. 651, the court stated:

"The question involved here for consideration is whether or not the surety on an

appeal bond is exonerated from producing the accused for the purpose of submitting to the judgment of the court, after the cause has been affirmed, where it appears that the accused has been prevented from appearing by reason of his being arrested in the same jurisdiction for another offense and convicted thereon and sentenced to a term in the penitentiary, and was in custody of the law at the time forfeiture was entered upon the appeal bond. The evidence is uncontradicted that the principal, Lou Green, in the bond sued upon, was arrested on the 7th day of September, 1913, by the sheriff of Logan county charged with the crime of murder; that he was kept continuously from that date in the custody of the sheriff in the county jails of Kay and Logan counties until the 24th day of December, 1913, when the said Lou Green, principal, was convicted upon said charge of murder and sentenced to a 40-year term in the state penitentiary at McAlester. Where one is charged with crime and gives and executes bond for his appearance with surety, or has been convicted of crime and executes an appeal bond with surety, conditioned upon his appearance in court and submitting to the judgment of the court, if affirmed, and afterwards is arrested and kept in custody on another crime in the same jurisdiction and by the same authorities, and thereby prevented from appearing according to the condition of his bond and submitting to the judgment of the court, and his sureties are thereby rendered unable to produce the principal in court to submit to said judgment, they are thereby exonerated as such sureties. N. Dak. v. Funk, 20 N. D. 145, 127 N. W. 722, 30 L. R. A. (N. S.) 211; Woods v. State, 51 Tex. Cr. 595, 103 S. W. 895; People v. Robb. 98 Mich. 397, 57 N. W. 257."

This decision is cited with approval in Harrell v. State ex rel. Hodge, 117 Okla. 24, 245 P. 598. The plaintiff contends that the order forfeiting Brewer's bond is a final judgment and the question cannot be raised in a suit on the bond, and cites several Oklahoma decisions. The defaulting defendants named in such decisions were not present, as they were required under their bonds, for other reasons than being in the custody of the state. In the cases hereinbefore cited, it must be assumed that the bonds had been forfeited by the orders of the trial courts before suits were brought on them. We hold that the amended answer of the defendant states a good defense.

The judgment is reversed and remanded for further proceedings in accordance with the views herein expressed.

The Supreme Court acknowledges the aid

of Attorneys Frank Ertell, Carey Caldwell, and William T. Rye in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ertell, and approved by Mr. Caldwell and Mr. Rye, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.