Hill-R et al v. State 









[changed from civil case to
Â criminal case by order 6-6-96]




IN THE
TENTH COURT OF APPEALS
 

No. 10-95-302-CR

Â Â Â Â Â RON HILL, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-3887-2
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Dissenting Opinion
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â I dissent. Appellant, Ron Hill, is the surety on a bail bond executed on August 4, 1994,
whereby the principal, Raunel Granados Vences, bound himself to appear before the 54th Judicial
District Court of McLennan County, Texas, to answer the felony charge of conspiracy to engage
in organized criminal activity as proscribed by Section 71.02 of the Texas Penal Code. See Tex.
Penal Code Ann. Â§ 71.02 (Vernon 1994). The bond penalty was $50,000. Vences failed to
appear in court on October 14, 1994, and Judgment Nisi was entered forfeiting the bond. This
appeal is from a summary judgment whereby the court granted a remittitur of $10,000 and entered
judgment against Ron Hill and his principal in the sum of $40,000.
Â Â Â Â Â Â I disagree with the majority's last of five propositions, which states:
An affidavit establishing that a defendant was incarcerated in another state raises a fact
issue sufficient to preclude a summary judgment forfeiting the bond after the defendant
failed to appear for trial in Texas.

Â Â Â Â Â Â The majority apparently gleaned the above proposition from the holding in James v.State, 413
S.W.2d 111 (Tex. Crim. App. 1967). I do not believe that the holding in James supports the
majority's proposition and I believe that their reliance is misplaced. In James the court had
granted a summary judgment forfeiting bond against the appellant. The Court of Criminal Appeals
reversed the summary judgment based upon the appellant's affidavit which stated that the Sheriff
of Potter County had released the appellant to a Governor's Warrant of Extradition from the State
of Mississippi after the Sheriff had approved the appellant's appearance bond. James, 413 S.W.2d
111, 112. In the case before us now it was stipulated between the parties that Vences was
confined in Federal Prison in Piedras Negras, Mexico on October 14, 1994, the date Judgment
Nisi forfeiting the bond was entered. This case differs from James in that Vences went to a
foreign country and there is no evidence that Vences was released to the Mexican government by
the McLennan County officials. In my opinion, the appellant failed to meet his burden of proving
his affirmative defense of exoneration in that he failed to present summary judgment evidence that
Vences was released by the McLennan County officials to the Mexican government. I would
affirm the summary judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Dissenting Opinion delivered and filed April 17, 1996
Publish
Note: Changed from CV to CR by ord 6-6-96




mso-border-top-alt:double windowtext 2.25pt;mso-border-bottom-alt:double windowtext 2.25pt;
padding:0in;mso-padding-alt:10.0pt 0in 10.0pt 0in'>MEMORANDUM  Opinion



Â 

Â Â Â Â Â Â Â Â Â  Appellant Alan Eaglin was tried by a
jury and convicted of possession of a controlled substance.Â  Tex.
Health & Safety Code Ann. Â§ 481.115 (Vernon 2003).Â  The court assessed punishment of 25 yearsÂ
confinement.Â  EaglinÂs counsel filed an
Anders brief.Â  See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976).Â 
We will affirm.

Â Â Â Â Â Â Â Â Â  The brief reviews the indictment and
statutes under which Eaglin was charged, the sufficiency of the admonishments, and
the punishment assessed. Â In the brief,
counsel states that Â[a]fter diligently reviewing the record in this case and
researching the applicable law, [he] has found no reversible error committed by
the trial court and no arguable grounds of error.ÂÂ  See id.
at 744.

Â Â Â Â Â Â Â Â Â  We have conducted an independent
review of the record to discover whether there are arguable grounds for
appeal.Â  See Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). Â We determine there are
none. Â The indictment invoked the district
courtÂs jurisdiction, and the court assessed punishment within the statutory range
of punishment for the offense.

Â Â Â Â Â Â Â Â Â  Although we find no issues which might
support an appeal, we do find a clerical error in the judgment.Â  The judgment identifies the statute for the
offense as article 481.121(b)(3) of the Penal Code.Â  There is no such article in the Penal Code,
and section 481.121 of the Health and Safety Code covers the offense of
possession of marihuana.Â  Eaglin was
indicted under section 481.115 of the Health and Safety Code and found guilty
of possession of cocaine.Â  Accordingly,
we reform the judgment so that the statutory offense reads section 481.115(c)
of the Health and Safety Code.Â  We affirm
the judgment as reformed. Â Counsel must
advise Eaglin of our decision and of his right to file a petition for
discretionary review.Â  See Sowels v. State, 45 S.W.3d 690, 694
(Tex. App.ÂWaco 2001, no pet.).

Â 

Â 

Â 

BILL VANCE

Justice

Â 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed November
 10, 2004

Do not publish 

[CRPM]