## A. Y. ALLEE v. THE STATE.

*No. 6983.   Decided May 28.*

1. **Practice—Scire Facias—Burden of Proof.**—As a defense to the *scire facias* the sureties on the bail bond of S. pleaded that S., prior to the forfeiture of the bond, was incarcerated in the penitentiary upon a conviction for felony, and that at the time of such forfeiture he was restrained of his liberty by process of law. *Held*, that the defense thus pleaded devolved upon the sureties the burden of proving such restraint.

2. **Same—Pleading—Rebutting Evidence.**—The defense set up by the sureties

was established *prima facie* by showing the conviction of S. of a felony, and his con-
finement in the penitentiary. To meet this proof the State was permitted to read in
evidence the deposition of the Superintendent of the Penitentiary to the effect that S.
escaped from the penitentiary prior to and was at large at the time of the forfeiture of
the bond. To this evidence the sureties objected that the escape of S. had not been
pleaded by the State, and that, therefore, it responded to no pleadings in the case and
should have been excluded. But *held*, that the proof was clearly in rebuttal of the
*prima facie* proof of legal restraint, and as such was competent.

3. **Same.**—In view of the evidence adduced on the trial, which established beyond
peradventure that at the time of the forfeiture of the bond the principal, S., had es-
caped and was at large, the answer relied upon by the sureties presented no valid de-
fense to the forfeiture of the bond.

4. **Same—Evidence—Variance.**—To the introduction in evidence of the judg-
ment *nisi* the sureties objected upon the ground of variance, in that the judgment *nisi*
recited a joint judgment against the defendants, whereas the *scire facias* recited a joint
and several judgment against them. *Held*, that the objection is not well taken. The
liability of the sureties on a bail bond being both joint and several, it is immaterial
whether it be stated in the judgment *nisi* or citation to be joint, or several, or joint and
several.

ERROR from the District Court of Atascosa. Tried below before Hon.
D. P. Marr.

The opinion discloses the case.

*W. T. Merriwether*, for plaintiff in error.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—At the May Term of the District Court of Atas-
cosa County, 1884, Reinhardt Schneider was indicted for the theft of
horses, and for said charge on the 22d day of May, 1884, executed his
appearance bond, with A. Y. Allee and J. J. Ellison as sureties. At the
April Term of the District Court of La Salle County the said Reinhardt
Schneider was indicted for the theft of horses, jointly with one W. T.
Kelly, and was on said charge, at the October Term of said court, tried
and sentenced, and on appeal the sentence was affirmed. On the 23d
day of December, 1884, he was duly lodged in the penitentiary at Hunts-
ville, Texas, whence he escaped on the 14th day of May, 1885.

At the April Term of the District Court of Atascosa County, 1886,
Schneider's bond, with A. Y. Allee and J. J. Ellison as sureties, cause
pending in said court, was forfeited. At the October Term of said court,
1887, the cause was tried on the answer of the bondsmen, in which they
alleged the trial, conviction, and sentence of their principal and his incar-
ceration in the penitentiary as a defense. The State did not specially
plead the escape of Schneider in the cause, but relied alone on the forfeit-
ure of the bond. Final judgment was rendered against all the parties
for the sum of the bond, to-wit, $500. The defendant A. Y. Allee gave

notice of appeal.    On the 24th day of June, 1889, Allee filed his petition and bond in error, and now on error submits the cause to this court.

It devolved upon the sureties to make good their defense, which was that at the time the bail bond was forfeited their principal was restrained of his liberty by process of law.    They established this defense *prima facie* by showing his conviction of a felony, and confinement in the penitentiary.    It was competent for the State to prove, in rebuttal, that at the time of said forfeiture said principal had escaped from custody, and was not restrained of his liberty by the State.    It was not necessary that the fact of his escape should have been pleaded by the State.    It was a fact in rebuttal of defendant's defense, rebutting the allegation in the answer that said principal was, at the time of the forfeiture, restrained of his liberty by the State.    It was not error, therefore, to admit the testimony mentioned in appellant's bill of exception No. 2.

There is no statement of facts in the record, but bill of exception No. 2 and other matters in the record show that at the time the forfeiture was taken appellant's principal was not in the custody of the State—he had escaped from the penitentiary, was at large, and there was nothing to prevent his appearing in accordance with the terms of his bond; nor were his sureties deprived by the State of the privilege of capturing and surrendering him.    Such being the facts of the case, the defense presented by the answer was not valid, and the judgment appealed from is correct. Code Crim. Proc., art. 452, subdiv. 3; Cooper v. The State, 5 Texas Ct. App., 215; Stafford v. The State, 10 Texas Ct. App., 46.

There is no material variance between the judgment *nisi* and the citation.    The liability of the sureties upon a bail bond or recognizance is several as well as joint, and it is immaterial whether it be stated in the judgment *nisi* or the citation to be joint, or several, or joint and several. Code Crim. Proc., arts. 290–306; Mathena v. The State, 15 Texas Ct. App., 460.    It was not error, therefore, to admit the judgment *nisi* in evidence, it being substantially described in the citation.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Judges all present and concurring.