C. C. WOODS ET AL V. THE STATE.

No. 3612.   Decided June 19, 1907.

**1.—Scire Facias—Judgment Nisi—Unavoidable Absence—Exonoration.**

Where upon trial of a scire facias upon a judgment nisi, the defendant showed that at the time of the forfeiture of the bail bond he was held in custody on a similar charge in another county, and that he subsequently appeared and responded to the accusation against him, he was exonerated under subdivision 3, article 488, Code Criminal Procedure.

**2.—Same—Judgment Nisi—Bail Bond—Description of Offense.**

Where the bail bond taken in the case was for violating the local option law, the same was invalid for want of sufficient definition of the offense.

Appeal from the County Court of Bosque.   Tried below before the Hon. T. S. Hale.

Appeal from a judgment final upon a bail bond for $500 for failure to answer a charge by information accusing defendant of the offense of violating the local option law.

The opinion states the case.

*H. S. Dillard, Dewey Langford,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a judgment rendered in a scire facias proceeding.   Appellant insists the judgment of the lower court should be set aside, and held for naught because the cause alleged and proved by him for his failure to attend court at the time, a forfeiture was taken on his bond, was a valid legal defense. The cause set up and established in proof was to the effect that at the time, he was held in custody on a similar charge in Hamilton County.   To support his contention he refers us to article 488, Code Criminal Procedure, and to the cases of Stafford v. State, 10 Texas Crim. App., 46; Cooper v. State, 5 Texas Crim. App., 215, and Allee v. State, 28 Texas Crim. App., 531.   While these cases are not exactly in point, as the question was not the same, yet the reasoning of the court and some expressions indicate very strongly how the court considered a question of this character.   Article 488, subdivision 3, provides, as one of the defenses against forfeiture of a bail bond, as follows:   "The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must in every such case be shown that his failure to appear arose from no fault on his part.   The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, unless such principal appear before final judgment on the recognizance or bail bond to answer the accusation against him, or show sufficient cause for not so appearing."   Sickness by the very terms of this statute

exonerates a principal for failure to appear; other causes mentioned are such as must not arise from fault on appellant's part. It may be that appellant was properly indicted in the county of Hamilton, and in one sense this may have been a fault on his part, still in our view it would constitute, no matter whether he was rightly or wrongly indicted in the other county, a sufficient cause for his exoneration inasmuch as the very government which held him amenable to the charge in Bosque County, had taken jurisdiction of him in Hamilton County. However, this in itself would not be a complete exoneration, but the statute further provides that he must subsequently appear and respond to the accusation against him. This, we understand the record shows, he did. Indeed, the record shows that he endeavored to have the case against him in Hamilton County continued so that he might respond to his bond in Bosque County, and failing in this he made some endeavor to have the case passed against him in Bosque County. His bond, however, was forfeited in Bosque County, but the record shows that he subsequently appeared there, and the court so far recognized his appearance as to reduce the amount of recovery on the bond. Under these circumstances we believe he should have been completely exonerated, and no forfeiture taken on his bond.

We also observe that as recited in the judgment nisi, the bail bond taken in this case was for violating the local option law. This is not an offense eo nomine, nor is it such a definition of an offense as would make a bail bond of this character valid; being invalid, a recovery could not be had upon it. See Parish v. State, 47 Texas Crim. Rep., 148, 11 Texas Ct. Rep., 130, and Stephens et al v. State, 50 Texas Crim. Rep., 531, 98 S. W. Rep., 859.

There are other assignments of error, but it is not necessary to consider same. For the errors discussed, the judgment is reversed and the cause remanded to be proceeded with in accordance with this opinion.

*Reversed and remanded.*