## F. J. JONES v. THE STATE.

No. 12170.   Delivered January 23, 1929.
Rehearing granted March 27, 1929.

The opinion states the case.

*W. P. Jones* of Crosbyton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—This case is before us on a writ of error. Review of a final judgment forfeiting an appearance bond is sought.

The record contains no certificate to the fact that briefs were filed in the trial court. We fail to find a waiver of such filing by the state. It is the uniform holding of this court that in cases such as this brief must be filed in the trial court and in this court in compliance with the law and rules governing civil cases, or a waiver of such filing must appear of record. Article 2283, Revised Civil Statutes, 1925; Article 856 C. C. P. Lewis et al. v. State, 7 S. W. (2d) 74; Bratton et al. v. State, 4 S. W. (2d) 562.

The writ of error is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

CHRISTIAN, JUDGE.—It is now made to appear by proper certificate of the clerk of the trial court that briefs were filed in the time required by law and that it was through inadvertence on his part that a certificate of such fact was not sooner transmitted to this court. The order dismissing the appeal is therefore set aside, the appeal is reinstated and the case considered on its merits.

Judgment nisi was entered on October 12th, 1927. On March 31, 1928, appellants filed their original answer wherein they averred in substance that F. J. Jones had prior to October 12th, 1927 been delivered by the sheriff of Hartley County into the custody of federal authorities; that he was tried in the United States District Court on the 1st day of April, 1927 and sentenced to confinement in the federal penitentiary for thirty months. It was further averred that on the date judgment nisi was entered in the district court of Hartley County F. J. Jones, the principal in the appearance bond, was confined in the United States penitentiary at Leavenworth, Kansas, where he had remained at all times since said date. The allegations mentioned afforded a basis for the prayer that appellants be exonerated from liability on the appearance bond on account of uncontrollable circumstances which prevented the appearance of the principal at court. It was undisputed that the sheriff of Hartley County placed F. J. Jones in the custody of the federal authorities and that said Jones had been sent to the federal penitentiary prior to the date the judgment nisi was entered and had been confined in said penitentiary at all times since said date, and that he was confined therein on the date final judgment was entered herein. Hence it would ap-

pear that uncontrollable circumstances brought about by the action of the sheriff of Hartley County in placing F. J. Jones in the custody of the federal authorities prevented his appearance at court on the day his appearance bond was forfeited and furnished sufficient cause for his non-appearance before final judgment was entered. Subdivision 3 of Article 436 C. C. P. provides, among other things, that the defendant and his sureties shall be exonerated from liability upon the forfeiture taken upon an appearance bond when by reason of the sickness of the principal or some uncontrollable circumstance his appearance at court is prevented. In such case it must be shown that the failure on the principal to appear arose from no fault on his part. This subdivision further provides: "The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties unless such principal appear before final judgment on the recognizance or bail bond to answer the accusation against him, or show sufficient cause for not so appearing." See Woods et al. v. State, 103 S. W. 895.

Believing that under the terms of the statute above referred to appellant and his sureties were exonerated from liability upon the forfeiture taken upon the appearance bond, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.