C. R. WILLIAMS ET AL. V. THE STATE.

No. 18058.   Delivered March 25, 1936.

The opinion states the case.

*John W. Mays*, of Fort Worth, and *Gibson & Blackshear*, of Laredo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from a final judgment of the District Court of Webb County upon a forfeiture of a recognizance theretofore entered into by C. R. Williams, as principal, and J. J. Williams and H. G. Tankersley, as sureties, upon an appeal taken from the judgment of conviction of said C. R. Williams to the Court of Criminal Appeals.

It appears from the record that C. R. Williams was convicted in the District Court of Webb County on an indictment charging him with forgery and knowingly passing a forged instrument. From said judgment of conviction he appealed to the Court of Criminal Appeals of Texas and on the 18th day of June, 1934, he entered into the following recognizance, to-wit:

"No. 7643.

"The State of Texas v. C. R. Williams.

"In the 49th Jundicial District Court of Webb County, Texas.

"Recognizance

"May Term, 1934.                                    June 18, 1934.

"This the 18th day of June, A. D. 1934, came into open

court C. R. Williams, in the above entitled cause, who, together with J. J. Williams and H. G. Tankersley, sureties, acknowledged themselves severally indebted to the State of Texas in the sum of Fifteen hundred dollars ($1500.00), conditioned that the said C. R. Williams, who has been convicted of a felony in this court, as more fully appears by the judgment of conviction duly entered in this cause, shall appear before this court from day to day and from term to term of the same, and not depart therefrom without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas."

On the 3rd day of April, 1935, a forfeiture of the recognizance was made and a judgment nisi was entered in said cause against the said C. R. Williams and his sureties for the full amount of fifteen hundred ($1,500.00) dollars and citation was ordered issued to each of them citing them to appear. Tankersley and Williams, the sureties, were duly cited. They filed an answer and at the trial appeared in person and by attorneys. The State offered in evidence the indictment in cause No. 7643, styled, State of Texas v. C. R. Williams. The State also offered in evidence the recognizance, the judgment nisi, the citations with the returns thereon, and made proof of the appellant's failure to appear in said court at the April term, 1935; but no proof was made showing what disposition the Court of Criminal Appeals had made of the appeal, if any. If the Court of Criminal Appeals had not finally disposed of said cause, then the trial court had no jurisdiction to enter any judgment whatever. Such proof was necessary to show that the trial court had jurisdiction over the person and subject matter and this court will not presume such proof was made in the absence of such a showing on the part of the State. In support of the views herein expressed see Art. 828, C. C. P.

By bills of exception numbers one and two appellants complain of the action of the trial court in admititng as evidence, over their objection, the recognizance and the judgment nisi based thereon because of a variance between the condition in the recognizance and the recitals of the conditions in the judgment nisi. In the recognizance the condition is that the said C. R. Williams, who has been convicted of a felony in said court, as more fully appears by the judgment of conviction duly entered by said court, shall appear before said court from day to day and term to term of same, and not depart therefrom without leave of said court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas. The condi-

tions recited in the judgment nisi required the said C. R. Williams to make his appearance before the Honorable District Court of Webb County, Texas, on the 18th day of March, 1935, and there remain from day to day and term to term of said court until discharged by due course of law, then and there to answer the State of Texas, upon a charge by indictment therein filed accusing him of the offense of forgery and passing as true a forged instrument. We are of the opinion that the variance between the recognizance and the judgment nisi is of such a material nature that the learned trial judge should have sustained the appellant's objection. It is the settled law of this State that the allegations in the pleadings and the proof offered in support thereof must correspond. The scire facias in this case was the pleading. The recognizance as well as the judgment nisi was proof in support thereof, and a variance between the two in a material part would not authorize the court to render a final judgment without first amending the judgment nisi in conformity with the recognizance. See Werbiski v. State, 20 Texas App., 132, and authorities there cited. In the case of General Bonding & Casualty Company v. State of Texas, 73 Texas Crim. Rep., 663-664, Judge Davidson of this court said: "A judgment nisi is fatally defective if it materially misstates the condition of the obligation. * * * Variance between the bond and the judgment nisi as to the conditions of the bond is fatal," and refers to Werbiski v. State, supra, which supports the text. In the instant case there is a material difference between the condition in the recognizance and the condition recited in the judgment nisi.

The appellants in their answer sought to be relieved from their obligation on said recognizance by reason of the fact that C. R. Williams, the principal in said recognizance, was at the time of the forfeiture confined in the penitentiary of the State of Iowa. The circumstances which will relieve the defendant and his sureties from their obligation are set forth in Art. 436, C. C. P. Subdivision 3 of said Article provides: "The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part." Appellants contends that inasmuch as C. R. Williams, the principal, was confined in the state penitentiary of the State of Iowa that it was beyond their power to produce him and not within his power to appear, and, therefore, they should be exonerated from liability. We cannot agree with them for the reason that it is obvious that if he was confined

in the state penitentiary of the State of Iowa, it was his fault and his conduct that put him there, and he and his sureties could not be exonerated from liability by reason of his own act and conduct, which may have made it impossible for him to appear.

By reason of the errors herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.