HERBERT LEE SANDERS ET AL V. STATE.

No. 29,726. May 7, 1958.

A. W. *Salyars,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, *Alton R. Griffin,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Three bond forfeiture cases were consolidated in the trial court and were appealed to this court as one case.

On April 10, July 17 and August 18, 1956, appellants entered into three bail bonds in Lubbock County to answer certain charges of violations of the liquor laws. Judgments nisi were entered on the three bonds on June 3, September 16 and September 18, 1957.

On August 23, 1957, probation in a child desertion case in the district court of Potter County against the principal was revoked, and he was committed to the Texas penitentiary to serve a two-year sentence.

The sole question presented for review is the correctness of the trial court's ruling that such confinement of the principal did not exonerate him and his sureties under the terms of Section 3 of Article 436, V.A.C.C.P., in the last two cases.

The rule seems to be well settled, both in this and other jurisdictions, that, where the principal is confined in jail or the penitentiary by virtue of commitment from the same court or another court in the state at the time his bond is forfeited, such confinement exonerates both the principal and his sureties for the reason as stated by Judge Henderson in Woods v. State, 51 Texas Cr. Rep. 595, 103 S.W. 895, "as the very government which held him amenable to the charge in Bosque County had taken jurisdiction of him in Hamilton County." See also Wheeler v. State, 38 Texas Rep. 173; Cooper v. State, 6 Texas App. Rep. 215; Stafford v. State, 10 Texas App. Rep. 46; Allee v. State, 28 Texas App. 531, 13 S.W. 2d 991; Anno. 4 A.L.R. 2d 440.

Inasmuch as the record reveals that the principal was confined in the Texas penitentiary by virtue of a commitment issued out of the district court of Potter County at the time the judgments nisi were entered in the trial court causes numbered 8373 and 8387, the judgments in said causes are reversed.

Since there is no such showing as to Cause No. 8249, the judgment in such cause is affirmed.