Vernon E. GRANTHAM et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 39770.

Court of Criminal Appeals of Texas.

Oct. 26, 1966.

Rehearing Denied Nov. 30, 1966.

Chappell & McFall, by John R. McFall, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett and Carson Smith, Asst. County Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

O P I N I O N

WOODLEY, Judge.

This is an appeal from a judgment making final the forfeiture of an appearance bond in the sum of $500.

The bond was executed on April 12, 1965 by Grantham as principal and the appellants Don Herriage and H. C. Trammel as sureties.

Judgment Nisi was entered on December 7, 1965 when the misdemeanor case was called for trial and the defendant Grantham failed to appear.

In their answer the sureties sought to invoke the provision of Art. 436 Vernon's Ann.C.C.P. (now Art. 22.13) which provides, in part:

"The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

\* \* \* \* \* \*

"3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him,

or show sufficient cause for not so appearing."

The facts alleged and proved show that Grantham was incarcerated in the Nebraska State Penitentiary on December 7, 1965 when his case was called for trial and his bond was forfeited, he having been committed to and received at said penitentiary on September 15, 1965 to serve a two year term, and tentatively scheduled for release on February 18, 1967.

The question presented is whether or not the incarceration of the principal in the penitentiary of another state upon a felony conviction is an "uncontrollable circumstance which prevented his appearance" to answer when the misdemeanor case was called for trial, and, if so, does proof of such incarceration in another state, standing alone, show "that his failure to appear arose from no fault on his part?"

This Court has held several times that the incarceration of a principal in the penitentiary or jail in another part of this state will exonerate under the statute. Allee v. State, 28 Tex.App. 531, 13 S.W. 991; Woods v. State, 51 Tex.Cr.R. 595, 103 S.W. 895; Sanders v. State, 166 Tex. Cr.R. 255, 312 S.W.2d 660.

Also, in Jones v. State, 112 Tex.Cr.R. 171, 15 S.W.2d 622, this Court has held allegations that the principal was in the federal penitentiary at the time he was to make his appearance "afforded a basis for the prayer that appellants be exonerated from liability on the appearance bond on account of uncontrollable circumstances which prevented the appearance of the principal at court."

In Williams v. State, 130 Tex.Cr.R. 124, 92 S.W.2d 1036, relied upon by the state, the sureties on an appeal bond sought relief under the statute upon the contention that in as much as Williams, the principal, was confined in the State Penitentiary of the State of Iowa it was beyond their power to produce him and not within his power to appear.

The judgment forfeiting the appeal bond was reversed on other grounds but this Court, in overruling the contention that the sureties should be exonerated, said:

"* * * it is obvious that if he was confined in the state penitentiary of the state of Iowa, it was his fault and his conduct that put him there, and he and his sureties could not be exonerated from liability by reason of his own act and conduct, which may have made it impossible for him to appear."

The fact that the charge against the principal Grantham in this state is a misdemeanor which may be prosecuted after the felony sentence in Nebraska has been served, whereas Williams had been convicted in this state of a felony, convinces us that the reasoning of the Williams case should not be applied.

"The prime object or purpose of bail is to secure the presence of an accused upon the trial of the accusation against him." Ex Parte Ramirez, 156 Tex.Cr.R. 280, 241 S.W.2d 157, 158.

Bail is not a revenue measure intended to be a substitution for a fine but is "intended to secure the trial of the offender rather than to mulct his securities in a penalty." Jackson v. State, 13 Tex. 218, 219.

Reversal of the judgment forfeiting the bond will not release the sureties from liability on the appearance bond or prejudice the rights of the state to forfeit such bond should the misdemeanor case be called after the incarceration of the principal in the Nebraska Penitentiary has terminated and he fails to appear.

The judgment making final the forfeiture is reversed.