**Jerry Ray JAMES et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 40080.**

Court of Criminal Appeals of Texas.

March 15, 1967.

Brooks Holman, Austin, for surety Jack B. McClellan.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

Jack B. McClellan, surety upon an appearance bond entered into by Jerry Ray James as principal and J. H. Stelfox and appellant as sureties in the sum of $7,500.00, appeals from a judgment making final a judgment nisi forfeiting said bond.

The first two points of error are the same as those overruled in the appeal of the same appellant as surety on similar appearance bonds of Clifford Henry Bowen and James Timothy Overton, this day affirmed in Bowen v. State, Tex.Cr.App., 413 S.W.2d 915, and Overton v. State, Tex.Cr.App., 413 S.W.2d 920.

Point three is that the court erred in granting the state's motion for summary judgment because the affidavits attached to and included in appellant's motion in opposition thereto raised a defense sufficient to entitle him to a jury trial.

The facts which appellant pleaded as a defense and in answer to the state's motion for summary judgment were to the effect that on the same day the Sheriff of Potter County approved the appearance bond of Jerry Ray James, he delivered him to the agent of the State of Mississippi named in the Executive Warrant of the Governor of Texas, which he executed, and that the failure of James to appear as required by his bail bond arose through no fault of his own but by the uncontrollable circumstance that he has been in custody of the State of Mississippi continuously from the time he was so delivered for extradition.

Certified copy of the Extradition Warrant with the Sheriff's return was attached to appellant's affidavit in support of his mo-

tion in opposition to the state's motion for summary judgment.

Art. 22.13, Vernon's Ann.C.C.P. provides, in part:

"The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

\*  \*  \*  \*  \*  \*

"3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing."

The state argues that incarceration in Mississippi was not a circumstance which arose through no fault of the principal, Jerry Ray James, consequently he cannot be exonerated from liability under the provisions of Art. 22.13 C.C.P. Williams v. State, 130 Tex.Cr.R. 124, 92 S.W.2d 1036, and cases from other jurisdictions are cited.

In the recent case of Grantham et al. v. State, Tex.Cr.App., 408 S.W.2d 235, we declined to apply the reasoning of the Williams case and cited with approval the case of Jones et al. v. State, 112 Tex.Cr.R. 171, 15 S.W.2d 622, relied upon by appellant.

The allegations which were held to afford a basis for the prayer that Jones and his sureties be exonerated from liability were to the effect that prior to the day the judgment nisi was entered the sheriff had delivered the principal, Jones, to the Federal authorities and on the date judgment nisi was entered he was confined in the United States Penitentiary at Leavenworth, Kansas.

Jones et al. v. State, supra, sustains appellant's contention that the affidavits of appellant raised a defense sufficient to entitle him to a jury trial, and the trial court erred in entering summary judgment making the judgment nisi final.

The judgment is reversed and the cause remanded.