Appellant, who was surety on the bond, states in his brief that the principal, Audrey Mae Hemphill, was transferred to the Texas Department of Corrections on March 23, 1976, and was an inmate there when her bond was forfeited on December 9, 1976. Where the principal is confined in jail or the penitentiary by virtue of a commitment from the same court or another court in the state at the time the bond is forfeited, both the principal and his sureties are exonerated from liability. Art. 22.13, Sec. 3, V.A.C.C.P.; *Sanders v. State*, 166 Tex.Cr.R. 255, 312 S.W.2d 660 (1957); *Woods v. State*, 51 Tex.Cr.R. 595, 103 S.W. 895 (1907).

The judgment making final the forfeiture is reversed.

**Frank SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57167.**

Court of Criminal Appeals of Texas.

Panel No. 1.

Feb. 15, 1978.

Edith Roberts, Austin, for appellant.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

### OPINION

DALLY, Judge.

This is an appeal from a final judgment forfeiting an appearance bond.

■ The appellee did not file a brief in this Court within 25 days after the filing of appellant's brief as required by Tex.R. Civ.P. 414. The appellee's motion for an extension of time was denied by this Court on February 6, 1978. The appellee's failure to file a brief allows us to accept as true any statement made by appellant in his brief as to the facts or the record. Tex.R. Civ.P. 419; Art. 44.44, V.A.C.C.P.; *Weatherly v. Byrd,* 519 S.W.2d 504 (Tex.Civ.App. —Fort Worth 1975, no writ); *Howard v. Pullicino,* 519 S.W.2d 254 (Tex.Civ.App.—

Austin 1975, no writ); *Farley v. Farley,* 503 S.W.2d 679 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.).

■ Appellant, surety on the bond, alleges in his brief that *at the time the bond was forfeited,* "the principal was under an order or commitment of some type to the Travis County Jail and not on bail bond," and also that the principal "was in custody . . . and was unable to appear before the forfeiture became a final judgment." These allegations, taken as correct, are sufficient to exonerate appellant from liability. Art. 22.13, Sec. 3, V.A.C.C.P.; *Sanders v. State,* 166 Tex.Cr.R. 255, 312 S.W.2d 660 (1957); *Woods v. State,* 51 Tex.Cr.R. 595, 103 S.W. 895 (1907).

The judgment making final the forfeiture is reversed.