Hill-R v. State 










[Changed from civil case
 to criminal case by order
 6-6-96]



IN THE
TENTH COURT OF APPEALS
 

No. 10-95-302-CR

        RON HILL, ET AL.,
                                                                                       Appellants
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-3887-2
                                                                                                    

O P I N I O N
                                                                                                    

          The question presented in this bond forfeiture proceeding is whether incarceration in
Mexico excuses a criminal defendant from appearing when his case is called for trial. Our answer
is that he may be excused by statute, but he and his sureties bear the burden of proving that such
incarceration was an uncontrollable circumstance that resulted without his fault. Because the
question arose in the summary judgment context and the surety raised fact issues on the affirmative
defense, we will reverse the judgment that declared the forfeiture final.
THE FORFEITURE
          Raunel Granados Vences was charged with a felony in McLennan County. On August 4,
1994, Ron Hill signed Vences' $50,000 bond as his surety. When Vences failed to appear for trial
on October 14 of that year, the court rendered judgment nisi and the bond forfeiture proceeding
began. After being cited, Hill filed an answer setting up the affirmative defense of exoneration
under article 22.13 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 22.13
(Vernon 1989). The State then filed a motion for a summary judgment asking the court to take
judicial notice of the proceeding in the criminal case. The motion was not supported by any other
summary-judgment proof. Hill responded to the motion and attached two affidavits stating that
Vences had been in jail in Piedras Negras, Mexico since October 4, 1994. The State objected to
both affidavits on the ground that they contain hearsay, but never obtained a ruling on either.
          When the State's motion for summary judgment was heard on August 4, 1995, the parties
agreed to stipulate that Vences had been in custody in Mexico continuously since before the
appearance date. The court accepted the stipulation, granted the State's motion for summary
judgment and, after hearing evidence, granted a $10,000 remittitur. Thus, "Judgment on State's
Motion for Summary Judgment" was entered in favor of the State for $40,000, plus costs.



          Hill argues that the court incorrectly determined the law and entered an improper judgment
because the summary judgment evidence shows that Vences was excused from appearing in
McLennan County. The State urges us to affirm the judgment because Vences "voluntarily left
the jurisdiction of the state." No dispute exists about the validity of the bond or about its terms.
GOVERNING RULES
          The State's proof in a bond forfeiture proceeding consists of the bond and the judicial
declaration of the forfeiture of the bond, which is the judgment nisi. Alvarez v. State, 861 S.W.2d
878, 887 (Tex. Crim. App. 1993) (on rehearing) (citing Tocher v. State, 517 S.W.2d 299, 301
(Tex. Crim. App. 1975)). "The judgment nisi is prima facie proof that the statutory requirements
of Art. 22.02 have been satisfied. The burden then shifts to the defendant to affirmatively show
otherwise." Id. (citations omitted).
          Chapter 22 of the Code of Criminal Procedure controls the procedure for bond forfeitures. 
Tex. Code Crim. Proc. Ann. arts. 22.01-22.17 (Vernon 1989). Article 22.13, entitled "Causes
which will exonerate," provides in part:
The following causes, and no other, will exonerate the defendant and his sureties,
if any, from liability upon the forfeiture taken:
. . .
3. The sickness of the principal or some uncontrollable circumstance which
prevented his appearance at court, and it must, in every such case, be shown that his
failure to appear arose from no fault on his part. The causes mentioned in this subdivision
shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless
such principal appear before final judgment on the bond to answer the accusation against
him, or show sufficient cause for not so appearing.



. . .
Id. art. 22.13.3. 
          We have found no provision in the code, nor have we been directed to any by the parties,
that governs the status of a defendant who is incarcerated in a foreign jurisdiction.


 Thus, the
question is initially whether Vences' incarceration in Mexico is, as a matter of law, an
"uncontrollable circumstance" that prevented him from appearing and whether it arose "from no
fault on his part."
          The State points to the early case of Woods v. State, 51 Tex. Crim. 595, 103 S.W. 895
(1907), in support of its position. There, the defendant failed to appear for trial in Bosque
County. The cause of his failure to appear was "set up and established in proof . . . that at the
time he was held in custody on a similar charge in Hamilton County." Citing a predecessor statute
with wording similar to the present article 22.13, the Court, after recognizing that sickness was
then a specific excuse, said:
Other causes mentioned are such as must not arise from fault on appellant's part. It may
be that appellant was properly indicted in the other county of Hamilton, and in one sense
this may have been a fault on his part. Still in our view it would constitute, no matter
whether he was rightly or wrongfully indicted in the other county, a sufficient cause for
his exoneration, inasmuch as the very government which held him amenable to the charge
in Bosque county, had taken jurisdiction of him in Hamilton county. However, this in
itself would not be a complete exoneration; but the statute further provides that he must
subsequently appear and respond to the accusation against him. This we understand the
record shows he did. . . . Under these circumstances we believe he should have been
completely exonerated, and no forfeiture taken on his bond.
Id. at 895-96. The court also observed that the bond was, for other reasons, void and that no
recovery could be had upon it. Id. at 896.
          Jones v. State, 112 Tex. Crim. 171, 15 S.W.2d 622 (1929), involved a bond forfeiture
after the defendant failed to appear in Hartley County. Jones alleged that he should be exonerated
because of uncontrollable circumstances in that he was at the time confined to the federal
penitentiary, having been convicted in the United States District Court. The Court of Criminal
Appeals reversed the judgment on the appearance bond, saying:
It was undisputed that the sheriff of Hartley county placed F.J. Jones in the custody of the
federal authorities, and that said Jones had been sent to the federal penitentiary prior to the
date the judgment nisi was entered, and had been confined in said penitentiary at all times
since said date, and that he was confined therein on the date final judgment was entered
herein. Hence it would appear that uncontrollable circumstances, brought about by the
action of the sheriff of Hartley county in placing F.J. Jones in the custody of federal
authorities, prevented his appearance at court on the day his appearance bond was
forfeited; and furnished sufficient cause for his nonappearance before final judgment was
entered.
Id. at 623.
          After C. R. Williams was convicted of forgery and knowingly passing a forged instrument
in Webb county, he made bond pending an appeal. Williams v. State, 130 Tex. Crim. 124, 92
S.W.2d 1036, 1037 (1936). On appeal from a judgment on the bond, the Court, holding that the
State had not proven how the cause was disposed of on appeal and that a material variance existed
between the bond and the judgment nisi, reversed the judgment. Id. at 1038. However, the Court
addressed another point:
The appellants in their answer sought to be relieved from their obligation on said
recognizance by reason of the fact that C. R. Williams, the principal in said recognizance,
was at the time of the forfeiture confined in the penitentiary of the state of Iowa . . . [and]
that it was beyond their power to produce him and not within his power to appear, and,
therefore, they should be exonerated from liability. We cannot agree with them for the
reason that it is obvious that if he was confined in the state penitentiary of the state of
Iowa, it was his fault and his conduct that put him there, and he and his sureties could not
be exonerated from liability by reason of his own act and conduct, which may have made
it impossible for him to appear.
Id.
          In Sanders v. State, 166 Tex. Crim. 255, 312 S.W.2d 660 (1958), the non-appearing
defendant and his sureties asserted exoneration from appearing in Lubbock County because the
defendant was confined in the state penitentiary after having had his probation revoked in another
county. The Court summarily reversed two of three judgments of forfeiture, saying:
The rule seems to be well settled, both in this and other jurisdictions, that, where
the principal is confined in jail or the penitentiary by virtue of a commitment from the
same court or another court in the State at the time his bond is forfeited, such confinement
exonerates both the principal and his sureties for the reason as stated by Judge Henderson
in Woods v. State, 51 Tex.Cr.R. 595, 103 S.W. 895, 896, "as the very government which
held him amenable to the charge in Bosque county had taken jurisdiction of him in
Hamilton county."
Id. at 661.
          Grantham v. State, 408 S.W.2d 235, 236 (Tex. Crim. App. 1966), addressed the question:
"whether or not the incarceration of the principal in the penitentiary of another state upon a felony
conviction is an `uncontrollable circumstance which prevented his appearance' to answer when
[a] misdemeanor case was called for trial, and, if so, does proof of such incarceration in another
state, standing alone, show `that his failure to appear arose from no fault on his part?'" The Court
declined to follow Williams because "the charge against the principal Grantham in this state is a
misdemeanor which may be prosecuted after the felony sentence in Nebraska has been served." 
Id. The court observed that reversal of the judgment did not release the sureties from liability on
the appearance bond or prejudice the right of the state to forfeit the bond should Williams fail to
appear after being released from the Nebraska penitentiary. Id.
          Grantham was followed soon thereafter when the Court reversed a summary judgment
against a defendant who failed to appear in Potter County, but had been delivered to the State of
Mississippi on the same date that he signed a bond in Texas and was incarcerated in the
Mississippi penitentiary. James v. State, 413 S.W.2d 111, 111 (Tex. Crim. App. 1967). Also
citing Jones, the Court noted that the State argued that "incarceration in Mississippi was not a
circumstance which arose through no fault of the principal." Id. at 112; Jones, 15 S.W.2d at 623. 
The Court held only that the affidavits establishing the fact of incarceration raised fact issues that
precluded a summary judgment. James, 413 S.W.2d at 112. 
          Two cases decided on the same day summarily hold that a principal who is confined in the
state by virtue of an order of a court of this state is exonerated for failing to appear for trial. 
Smith v. State, 561 S.W.2d 501, 501 (Tex. Crim. App. [Panel Op.] 1978) (No. 57165); Smith v.
State, 561 S.W.2d 501, 502 (Tex. Crim. App. [Panel Op.] 1978) (No. 57167).
          From the opinions above, we glean the following propositions:
          •        A defendant who is incarcerated in Texas on the date he is to appear for trial in this
state is excused from appearing;
          •        Proof that a defendant was turned over to another state by a Texas official will
exonerate the defendant from appearing for trial in Texas;
          •        Incarceration in another state will excuse a defendant who is charged with a
misdemeanor from appearing for trial;
          •        Incarceration in another state, without a further showing, does not exonerate a
defendant because he has failed to prove that his incarceration was not the result
of his own fault and conduct;
          •        An affidavit establishing that a defendant was incarcerated in another state raises
a fact issue sufficient to preclude a summary judgment forfeiting the bond after the
defendant failed to appear for trial in Texas.
          Without attempting to reconcile the obvious conflicts in these decisions, we apply the cases
to the present facts by holding that, when the defendant is confined outside of the state of
Texas—whether in another state or in a foreign jurisdiction—on the date his case is called for trial,
he and his sureties bear the burden of pleading and proving the facts required by the statute to
exonerate him. They must prove that the defendant's failure to appear: (1) was the result of some
uncontrollable circumstance which prevented his appearance at court; and (2) arose from no fault
on his part. Tex. Code Crim. Proc. Ann. art. 22.13.3.
          Having made this determination, we turn to the second question we must address. In the
context in which the interpretation question arose, who has the burden of producing summary-judgment proof of the facts necessary to defeat, establish, or raise the affirmative defense?
STANDARD OF REVIEW
          Article 22.10 of the Code of Criminal Procedure provides that bond forfeiture proceedings,
although criminal in nature, are "governed by the same rules governing other civil suits." Id. art.
22.10; Alvarez, 861 S.W.2d at 881.
          The standards for reviewing a summary judgment are well established. Nixon v. Mr.
Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of showing
that no genuine issue of material fact exists and that it is entitled to the summary judgment as a
matter of law. Id. The reviewing court must accept all evidence favorable to the non-movant as
true. Id. at 549. Every reasonable inference must be indulged in favor of the non-movant and all
doubts resolved in its favor. Id. 
          In reviewing the summary judgment, we must determine whether the State as movant met
its burden by establishing that no genuine issue of material fact exists. Id. at 548; City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The State bears the burden of
proving its entitlement to the summary judgment as a matter of law. See Nixon, 690 S.W.2d at
548; Roskey v. Texas Health Facilities Comm'n, 639 S.W.2d 302, 303 (Tex. 1982) (per curiam);
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.
1965). We must accept as true all evidence favorable to Hill, the non-movant, indulging every
reasonable inference and resolving all doubts in his favor. Wornick Co. v. Casas, 856 S.W.2d
732, 733 (Tex. 1993). We will consider evidence which favors the State as the movant only if it
is uncontroverted. See Great Am. Reserve, 391 S.W.2d at 47.
          A plaintiff who conclusively establishes the absence of disputed fact issues will not be
prevented from obtaining a summary judgment because the defendant merely pled an affirmative
defense. Nicholson v. Memorial Hosp. Sys., 722 S.W.2d 746, 749 (Tex. App.—Houston [14th
Dist.] 1986, writ ref'd n.r.e.). An affirmative defense will prevent the granting of a summary
judgment only if each element of the affirmative defense is raised by competent summary-judgment evidence. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).
          In moving for a summary judgment in an appearance-bond forfeiture case, the State must
establish as a matter of law that there are no genuine issues of material fact as to any of the
elements of the State's cause of action, which are proved by the bond and the judgment nisi. 
Alvarez, 861 S.W.2d at 887 (citing Deckard v. State, 615 S.W.2d 717, 718 (Tex. Crim. App.
[Panel Op.] 1981)). To controvert the State's prima facie proof, the defendant or his sureties
must, 
[p]ursuant to the express terms of Article 22.13, . . . show (1) that some
uncontrollable circumstance prevented the principal's appearance at court, (2) that
the principal's failure to appear arose from no fault on his part, and (3) that the
principal appeared before final judgment on the bond to answer the accusation
against him (or had sufficient cause for not so appearing).


 

Id. at 889 n.5 (emphasis in original).
APPLICATION OF STANDARD
          With these principles in mind, we look to the summary-judgment proof.


 The proof
conclusively shows that his being confined in Mexico prevented Vences from appearing in
McLennan county when his case was called for trial. As movant, the State was entitled to a
summary judgment upon showing that Vences failed to appear and that the bond was valid. See
Nicholson, 722 S.W.2d at 749. Hill's burden was to establish fact issues on each element of his
affirmative defense under the statute. Brownlee, 665 S.W.2d at 112; Fisher v. State, 832 S.W.2d
641, 643 (Tex. App.—Corpus Christi 1992, no pet.). The record is silent about how Vences came
to be in Mexico, the nature of the charge against him there, his culpability on the charge, and
other facts that might have conclusively proven that his confinement arose from events that were
not within his control and not his fault. However, indulging every reasonable inference in Hill's
favor and resolving all doubts in his favor, as we must, we find that the affidavits establishing the
fact of incarceration are sufficient to raise fact issues under the statute. Nixon, 690 S.W.2d at 548;
James, 413 S.W.2d at 112. 
          Finding that Hill has raised fact issues about the statutory defense of exoneration that would
excuse Vences from appearing for trial, we cannot affirm the summary judgment making final the
forfeiture of his bond. We sustain Hill's points of error.
CONCLUSION
          We reverse the judgment and remand the cause for trial on the issues presented by Hill's
pleading of the affirmative defense of exoneration under Article 22.13.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Justice Cummings,
          Justice Vance, and
          Chief Justice Frank G. McDonald (Retired)
          (Justice Cummings dissenting)
Reversed and remanded
Opinion delivered and filed April 17, 1996
Publish
Note: Changed from CV to CR by ord dated 6-6-96