Ron HILL, et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 10–95–302–CV.

Court of Appeals of Texas,
Waco.

April 17, 1996.

Rehearing Overruled May 8, 1996.

Ronald H. Moody, Moody & Crow, Waco, for appellants.

John W. Segrest, Criminal District Attorney, E. Alan Bennett, Asst. District Attorney, Waco, for appellee.

Before CUMMINGS and VANCE, JJ., and FRANK G. McDONALD, C.J. (Retired).

## OPINION

VANCE, Justice.

The question presented in this bond forfeiture proceeding is whether incarceration in Mexico excuses a criminal defendant from appearing when his case is called for trial. Our answer is that he may be excused by statute, but he and his sureties bear the burden of proving that such incarceration was an uncontrollable circumstance that resulted without his fault. Because the question arose in the summary judgment context and the surety raised fact issues on the affirmative defense, we will reverse the judgment that declared the forfeiture final.

## THE FORFEITURE

Raunel Granados Vences was charged with a felony in McLennan County. On August 4, 1994, Ron Hill signed Vences' $50,000 bond as his surety. When Vences failed to appear for trial on October 14 of that year, the court rendered judgment nisi and the bond forfeiture proceeding began. After being cited, Hill filed an answer setting up the affirmative defense of exoneration under article 22.13 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 22.13 (Vernon 1989). The State then filed a motion for a summary judgment asking the court to take judicial notice of the proceeding in the criminal case. The motion was not supported by any other summary-judgment proof. Hill responded to the motion and attached two affidavits stating that Vences had been in jail in Piedras Negras, Mexico since October 4, 1994. The State objected to both affidavits on the ground that they contain hearsay, but never obtained a ruling on either.

When the State's motion for summary judgment was heard on August 4, 1995, the parties agreed to stipulate that Vences had been in custody in Mexico continuously since before the appearance date. The court accepted the stipulation, granted the State's motion for summary judgment and, after hearing evidence, granted a $10,000 remittitur. Thus, "Judgment on State's Motion for Summary Judgment" was entered in favor of the State for $40,000, plus costs.[1]

---

1. The record is unclear about exactly what occurred. The parties stipulated that Vences was

Hill argues that the court incorrectly determined the law and entered an improper judgment because the summary judgment evidence shows that Vences was excused from appearing in McLennan County. The State urges us to affirm the judgment because Vences "voluntarily left the jurisdiction of the state." No dispute exists about the validity of the bond or about its terms.

## GOVERNING RULES

■■■■ The State's proof in a bond forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. *Alvarez v. State,* 861 S.W.2d 878, 887 (Tex.Crim.App. 1993) (on rehearing) (citing *Tocher v. State,* 517 S.W.2d 299, 301 (Tex.Crim.App.1975)). "The judgment nisi is prima facie proof that the statutory requirements of Art. 22.02 have been satisfied. The burden then shifts to the defendant to affirmatively show otherwise." *Id.* (citations omitted).

■■■■ Chapter 22 of the Code of Criminal Procedure controls the procedure for bond forfeitures. TEX.CODE CRIM.PROC.ANN. arts. 22.01–22.17 (Vernon 1989). Article 22.13, entitled "Causes which will exonerate," provides in part:

> The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

.   .   .   .   .

> 3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.[2]

.   .   .   .   .

*Id.* art. 22.13.3.

We have found no provision in the code, nor have we been directed to any by the parties, that governs the status of a defendant who is incarcerated in a foreign jurisdiction.[3] Thus, the question is initially whether Vences' incarceration in Mexico is, as a matter of law, an "uncontrollable circumstance" that prevented him from appearing and whether it arose "from no fault on his part."

The State points to the early case of *Woods v. State,* 51 Tex.Crim. 595, 103 S.W. 895 (1907), in support of its position. There, the defendant failed to appear for trial in Bosque County. The cause of his failure to appear was "set up and established in proof . . . that at the time he was held in custody on a similar charge in Hamilton County." Citing a predecessor statute with wording similar to the present article 22.13, the Court, after recognizing that sickness was then a specific excuse, said:

incarcerated in Mexico. The court heard evidence in support of the remittitur. The court filed findings of fact and conclusions of law. None of these are procedures available in the summary judgment context. On the other hand, Hill filed no motion for summary judgment seeking a remittitur. Thus, we conclude that the judgment results from a hearing on the State's request for a summary judgment and includes the results of a bench hearing on Hill's request for a remittitur. Because the State does not bring a cross-point concerning the remittitur that favored Hill, we will review only the grounds for the summary judgment that favored the State.

2. Neither party argues the effect of the second sentence of paragraph 3; thus, we do not address it.

3. The State finds support in chapter 17 of the Code, which governs a defendant's right to bail and the conditions upon which it is given, for its position that defendants held in foreign jurisdictions are somehow treated differently. TEX.CODE CRIM.PROC.ANN. arts. 17.01–.46 (Vernon 1977 & Supp.1996). Article 17.16 allows a surety, prior to appearance day, to relieve himself of his undertaking on a bond by surrendering the accused into custody or by delivering to the sheriff of the county where the prosecution is pending an affidavit stating that the accused is incarcerated "in federal custody, in the custody of any state, or in any county of this state." *Id.* art. 17.16(a)(1), (2). When the sheriff verifies that the accused is in fact in custody in one of the places described, the surety is absolved from further liability on the bond. *Id.* art. 17.16(b). We do not find the argument persuasive on the question of how to treat nonappearing defendants and their sureties.

Other causes mentioned are such as must not arise from fault on appellant's part. It may be that appellant was properly indicted in the other county of Hamilton, and in one sense this may have been a fault on his part. Still in our view it would constitute, no matter whether he was rightly or wrongfully indicted in the other county, a sufficient cause for his exoneration, inasmuch as the very government which held him amenable to the charge in Bosque county, had taken jurisdiction of him in Hamilton county. However, this in itself would not be a complete exoneration; but the statute further provides that he must subsequently appear and respond to the accusation against him. This we understand the record shows he did.... Under these circumstances we believe he should have been completely exonerated, and no forfeiture taken on his bond.

*Id.* 103 S.W. at 895–96. The court also observed that the bond was, for other reasons, void and that no recovery could be had upon it. *Id.* 103 S.W. at 896.

*Jones v. State,* 112 Tex.Crim. 171, 15 S.W.2d 622 (1929), involved a bond forfeiture after the defendant failed to appear in Hartley County. Jones alleged that he should be exonerated because of uncontrollable circumstances in that he was at the time confined to the federal penitentiary, having been convicted in the United States District Court. The Court of Criminal Appeals reversed the judgment on the appearance bond, saying:

It was undisputed that the sheriff of Hartley county placed F.J. Jones in the custody of the federal authorities, and that said Jones had been sent to the federal penitentiary prior to the date the judgment nisi was entered, and had been confined in said penitentiary at all times since said date, and that he was confined therein on the date final judgment was entered herein. Hence it would appear that uncontrollable circumstances, brought about by the action of the sheriff of Hartley county in placing F.J. Jones in the custody of federal authorities, prevented his appearance at court on the day his appearance bond was forfeited; and furnished sufficient cause for his non-

appearance before final judgment was entered.

*Id.* 15 S.W.2d at 623.

After C.R. Williams was convicted of forgery and knowingly passing a forged instrument in Webb county, he made bond pending an appeal. *Williams v. State,* 130 Tex.Crim. 124, 92 S.W.2d 1036, 1037 (1936). On appeal from a judgment on the bond, the Court, holding that the State had not proven how the cause was disposed of on appeal and that a material variance existed between the bond and the judgment nisi, reversed the judgment. *Id.* 92 S.W.2d at 1038. However, the Court addressed another point:

The appellants in their answer sought to be relieved from their obligation on said recognizance by reason of the fact that C.R. Williams, the principal in said recognizance, was at the time of the forfeiture confined in the penitentiary of the state of Iowa ... [and] that it was beyond their power to produce him and not within his power to appear, and, therefore, they should be exonerated from liability. We cannot agree with them for the reason that it is obvious that if he was confined in the state penitentiary of the state of Iowa, it was his fault and his conduct that put him there, and he and his sureties could not be exonerated from liability by reason of his own act and conduct, which may have made it impossible for him to appear.

*Id.*

In *Sanders v. State,* 166 Tex.Crim. 255, 312 S.W.2d 660 (1958), the non-appearing defendant and his sureties asserted exoneration from appearing in Lubbock County because the defendant was confined in the state penitentiary after having had his probation revoked in another county. The Court summarily reversed two of three judgments of forfeiture, saying:

The rule seems to be well settled, both in this and other jurisdictions, that, where the principal is confined in jail or the penitentiary by virtue of a commitment from the same court or another court in the State at the time his bond is forfeited, such confinement exonerates both the principal and his sureties for the reason as stated by Judge Henderson in *Woods v. State,* 51

Tex.Cr.R. 595, 103 S.W. 895, 896, "as the very government which held him amenable to the charge in Bosque county had taken jurisdiction of him in Hamilton county."

*Id.* 312 S.W.2d at 661.

*Grantham v. State*, 408 S.W.2d 235, 236 (Tex.Crim.App.1966), addressed the question: "whether or not the incarceration of the principal in the penitentiary of another state upon a felony conviction is an 'uncontrollable circumstance which prevented his appearance' to answer when [a] misdemeanor case was called for trial, and, if so, does proof of such incarceration in another state, standing alone, show 'that his failure to appear arose from no fault on his part?'" The Court declined to follow *Williams* because "the charge against the principal Grantham in this state is a misdemeanor which may be prosecuted after the felony sentence in Nebraska has been served." *Id.* The court observed that reversal of the judgment did not release the sureties from liability on the appearance bond or prejudice the right of the state to forfeit the bond should Williams fail to appear after being released from the Nebraska penitentiary. *Id.*

*Grantham* was followed soon thereafter when the Court reversed a summary judgment against a defendant who failed to appear in Potter County, but had been delivered to the State of Mississippi on the same date that he signed a bond in Texas and was incarcerated in the Mississippi penitentiary. *James v. State*, 413 S.W.2d 111, 111 (Tex. Crim.App.1967). Also citing *Jones*, the Court noted that the State argued that "incarceration in Mississippi was not a circumstance which arose through no fault of the principal." *Id.* at 112; *Jones*, 15 S.W.2d at 623. The Court held only that the affidavits establishing the fact of incarceration raised fact issues that precluded a summary judgment. *James*, 413 S.W.2d at 112.

Two cases decided on the same day summarily hold that a principal who is confined in the state by virtue of an order of a court of this state is exonerated for failing to appear for trial. *Smith v. State*, 561 S.W.2d 501, 501 (Tex.Crim.App. [Panel Op.] 1978) (No. 57165); *Smith v. State*, 561 S.W.2d 501, 502

(Tex.Crim.App. [Panel Op.] 1978) (No. 57167).

From the opinions above, we glean the following propositions:

- A defendant who is incarcerated in Texas on the date he is to appear for trial in this state is excused from appearing;
- Proof that a defendant was turned over to another state by a Texas official will exonerate the defendant from appearing for trial in Texas;
- Incarceration in another state will excuse a defendant who is charged with a misdemeanor from appearing for trial;
- Incarceration in another state, without a further showing, does not exonerate a defendant because he has failed to prove that his incarceration was not the result of his own fault and conduct;
- An affidavit establishing that a defendant was incarcerated in another state raises a fact issue sufficient to preclude a summary judgment forfeiting the bond after the defendant failed to appear for trial in Texas.

Without attempting to reconcile the obvious conflicts in these decisions, we apply the cases to the present facts by holding that, when the defendant is confined outside of the state of Texas—whether in another state or in a foreign jurisdiction—on the date his case is called for trial, he and his sureties bear the burden of pleading and proving the facts required by the statute to exonerate him. They must prove that the defendant's failure to appear: (1) was the result of some uncontrollable circumstances which prevented his appearance at court; and (2) arose from no fault on his part. TEX.CODE CRIM.PROC.ANN. art. 22.13.3.

Having made this determination, we turn to the second question we must address. In the context in which the interpretation question arose, who has the burden of producing summary-judgment proof of the facts necessary to defeat, establish, or raise the affirmative defense?

### STANDARD OF REVIEW

Article 22.10 of the Code of Criminal Procedure provides that bond forfeiture proceed-

ings, although criminal in nature, are "governed by the same rules governing other civil suits." *Id.* art. 22.10; *Alvarez*, 861 S.W.2d at 881.

■ The standards for reviewing a summary judgment are well established. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to the summary judgment as a matter of law. *Id.* The reviewing court must accept all evidence favorable to the non-movant as true. *Id.* at 549. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *Id.*

■ In reviewing the summary judgment, we must determine whether the State as movant met its burden by establishing that no genuine issue of material fact exists. *Id.* at 548; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The State bears the burden of proving its entitlement to the summary judgment as a matter of law. *See Nixon*, 690 S.W.2d at 548; *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982) (per curiam); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). We must accept as true all evidence favorable to Hill, the non-movant, indulging every reasonable inference and resolving all doubts in his favor. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). We will consider evidence which favors the State as the movant only if it is uncontroverted. *See Great Am. Reserve*, 391 S.W.2d at 47.

■ A plaintiff who conclusively establishes the absence of disputed fact issues will not be prevented from obtaining a summary judgment because the defendant merely pled an affirmative defense. *Nicholson v. Memorial Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). An affirmative defense will prevent the granting of a summary judgment only if

each element of the affirmative defense is raised by competent summary-judgment evidence. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984).

■ In moving for a summary judgment in an appearance-bond forfeiture case, the State must establish as a matter of law that there are no genuine issues of material fact as to any of the elements of the State's cause of action, which are proved by the bond and the judgment nisi. *Alvarez*, 861 S.W.2d at 887 (citing *Deckard v. State*, 615 S.W.2d 717, 718 (Tex.Crim.App. [Panel Op.] 1981)). To controvert the State's prima facie proof, the defendant or his sureties must,

[p]ursuant to the express terms of Article 22.13, ... show (1) that some uncontrollable circumstance prevented the principal's appearance at court, (2) that the principal's failure to appear arose from no fault on his part, *and* (3) that the principal appeared before final judgment on the bond to answer the accusation against him (or had sufficient cause for not so appearing).[4]

*Id.* at 889 n. 5 (emphasis in original).

## APPLICATION OF STANDARD

■ With these principles in mind, we look to the summary-judgment proof.[5] The proof conclusively shows that his being confined in Mexico prevented Vences from appearing in McLennan county when his case was called for trial. As movant, the State was entitled to a summary judgment upon showing that Vences failed to appear and that the bond was valid. *See Nicholson*, 722 S.W.2d at 749. Hill's burden was to establish fact issues on each element of his affirmative defense under the statute. *Brownlee*, 665 S.W.2d at 112; *Fisher v. State*, 832 S.W.2d 641, 643 (Tex.App.—Corpus Christi 1992, no pet.). The record is silent about how Vences came to be in Mexico, the nature of the charge against him there, his culpability on the charge, and other facts that might have conclusively proven that his confinement arose from events that were not within

---

4. The surety in *Alvarez* did not raise or argue an "uncontrollable circumstance" affirmative defense under Art. 22.13.

5. Because the State never obtained a ruling on its objections to Hill's affidavits, they remain a part of the summary-judgment evidence. *Eads v. American Bank, N.A.*, 843 S.W.2d 208, 211 (Tex. App.—Waco 1992, no writ).

his control and not his fault. However, indulging every reasonable inference in Hill's favor and resolving all doubts in his favor, as we must, we find that the affidavits establishing the fact of incarceration are sufficient to raise fact issues under the statute. *Nixon,* 690 S.W.2d at 548; *James,* 413 S.W.2d at 112.

Finding that Hill has raised fact issues about the statutory defense of exoneration that would excuse Vences from appearing for trial, we cannot affirm the summary judgment making final the forfeiture of his bond. We sustain Hill's points of error.

## CONCLUSION

We reverse the judgment and remand the cause for trial on the issues presented by Hill's pleading of the affirmative defense of exoneration under Article 22.13.

CUMMINGS, Justice, dissenting.

I dissent. Appellant, Ron Hill, is the surety on a bail bond executed on August 4, 1994, whereby the principal, Raunel Granados Vences, bound himself to appear before the 54th Judicial District Court of McLennan County, Texas, to answer the felony charge of conspiracy to engage in organized criminal activity as proscribed by Section 71.02 of the Texas Penal Code. *See* Tex.Penal Code Ann. § 71.02 (Vernon 1994). The bond penalty was $50,000. Vences failed to appear in court on October 14, 1994, and Judgment Nisi was entered forfeiting the bond. This appeal is from a summary judgment whereby the court granted a remittitur of $10,000 and entered judgment against Ron Hill and his principal in the sum of $40,000.

I disagree with the majority's last of five propositions, which states:

> An affidavit establishing that a defendant was incarcerated in another state raises a fact issue sufficient to preclude a summary judgment forfeiting the bond after the defendant failed to appear for trial in Texas.

The majority apparently gleaned the above proposition from the holding in *James v. State,* 413 S.W.2d 111 (Tex.Crim.App.1967). I do not believe that the holding in *James* supports the majority's proposition and I believe that their reliance is misplaced. In *James* the court had granted a summary judgment forfeiting bond against the appellant. The Court of Criminal Appeals reversed the summary judgment based upon the appellant's affidavit which stated that the Sheriff of Potter County had released the appellant to a Governor's Warrant of Extradition from the State of Mississippi after the Sheriff had approved the appellant's appearance bond. *James,* 413 S.W.2d 111, 112. In the case before us now it was stipulated between the parties that Vences was confined in Federal Prison in Piedras Negras, Mexico on October 14, 1994, the date Judgment Nisi forfeiting the bond was entered. This case differs from *James* in that Vences went to a foreign country and there is no evidence that Vences was released to the Mexican government by the McLennan County officials. In my opinion, the appellant failed to meet his burden of proving his affirmative defense of exoneration in that he failed to present summary judgment evidence that Vences was released by the McLennan County officials to the Mexican government. I would affirm the summary judgment.